**TRAVELTOWN, INC., Plaintiff,**

v.

**GERHARDT INVESTMENT GROUP and Marketing America, Inc., and the Travelers Corporation, d/b/a Murgo & Sanborn, Associates, Defendants.**

No. 78–CV–594.

United States District Court, N.D. New York.

Aug. 25, 1983.

McPhillips, Fitzgerald, Meyer & McLenithan, Glens Falls, N.Y., for plaintiff; Joseph Brennan, Glens Falls, N.Y., of counsel.

Rinaldi & Rinaldi, Syracuse, N.Y., for defendants Gerhardt & Marketing America; John R. Rinaldi, Syracuse, N.Y., of counsel.

MEMORANDUM–DECISION
AND ORDER

McCURN, District Judge.

Defendants Gerhardt Investment Group ("Gerhardt") and Marketing America, Inc. ("Marketing") have moved to vacate a default judgment entered against them on December 21, 1982. The Court concludes that vacating the judgment would serve the

interests of justice, and therefore grants the motion.

Plaintiff Traveltown, Inc. ("Traveltown") commenced this diversity suit against Gerhardt, Marketing, and Travelers Corporation, d/b/a Murgo & Sanborn, Associates ("Murgo & Sanborn") on November 17, 1978. The complaint contains two causes of action: (1) the defendants breached an agreement to arrange financing for plaintiff's commercial development project, and refused to return a "consulting and/or finder's fee" of $6,000 paid to Murgo & Sanborn to secure defendants' services; (2) the defendants failed to return material relating to the proposed commercial development project, allegedly worth $30,000, which had been sent to Murgo & Sanborn. Plaintiff sought $6,000 and $30,000 on its respective claims, plus interest from June 1, 1978.

Defendants Gerhardt and Marketing, through their attorneys Rinaldi & Rinaldi, answered the complaint on or about December 28, 1978, *see Rinaldi Affidavit of March 10, 1983* ¶ 3, evidently by serving it upon the plaintiff. The answer, however, was never filed with the court. Over the next four years, there was little important activity in the case, except for a motion to dismiss made by Murgo & Sanborn in 1979, which was denied by Judge Foley.

On September 9, 1982, the clerk's office notified all counsel in this action of a pre-trial conference scheduled for October 6, 1982. Movant's attorney failed to attend that conference. The Court at that time set the case down for jury trial on November 4, 1982, and stated on the record that if appearances were not made for the defendants, the Court would entertain an application for a default judgment by plaintiff.

On or about October 13, 1982, the clerk's office notified all counsel in this action that the case was jury ordered for November 4, 1982, and that a trial calendar would be called on that date. Movant's attorney was not present on November 4th when the

trial calendar was called. Upon motion by the plaintiff, the Court granted a default judgment against Gerhardt and Marketing (and Murgo & Sanborn as well), and directed the plaintiff's attorney to submit proof on the issue of damages in affidavit form within 30 days of the entry of default judgment. Default judgment was then entered on December 21, 1982.

On January 7, 1983, the clerk's office notified counsel of a Disposition Calendar to be called on this case on February 1. Movant's attorney responded by letter dated January 11th that he would not be the attorney trying the case; that his client had asked that he obtain another lawyer for him in Albany.

In a letter dated January 26th, the clerk's office reviewed all of the above-mentioned events since September 9th, and informed movant's attorney for the first time that a default judgment had already been entered against his client, and that the matter was on the Disposition Calendar "for a determination of money damages on default absent submission of written documentary proof of the same."

Movant's attorney was not present on February 1st when the Disposition Calendar was called. He sent a letter to the Court, dated February 2, explaining that he had received the court clerk's letter on February 1st and thereby first learned of the default judgment against his client; that he had previously indicated to his client that he could no longer represent him; that he had not been aware that the case had been set for trial on November 4th. Shortly thereafter this motion was filed.

■ Relief from judgments is governed by Rule 60, Fed.R.Civ.P. Although movant has not specified the subsection upon which he relies, the grounds asserted by him would implicate only Rule 60(b)(1), which empowers the Court to grant relief due to the defaulting party's "mistake, inadvertence, surprise, or excusable neglect."[1]

---

**1.** In this circuit, a motion to vacate a default judgment based on mistake, inadvertence, etc., must satisfy the requirements of Rule 60(b)(1); it cannot be granted under the more general

Without belaboring the point, the Court finds little basis in movant's papers for relief under this section. Counsel neglected to attend a pretrial in September and a trial calendar in November, and has been unable to offer any circumstances that would excuse that neglect. Moreover, the Second Circuit has consistently held that it will refuse to relieve a client of a final judgment "entered against him due to the mistake or omission of his attorney by reason of the latter's ... inability to efficiently manage his caseload." *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1977).

■ Nevertheless, a careful review of the record in this case reveals other matters which implicate Rules 60(b)(4) and (6). As stated above, the Rinaldi affidavit establishes, and plaintiff does not dispute, that defendants Gerhardt and Marketing have served an answer to the complaint upon the plaintiffs. Thus, the movants have "appeared in the action" within the meaning of Rule 55(b)(2), Fed.R.Civ.P. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 692 (D.C.Cir.1970); 6 Moore's Fed.Prac. ¶ 55.05[3] (1982 ed.). Having appeared in the action, movants were entitled to three days notice of any application for default judgment under Rule 55(b)(2):

> ... If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

*See Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 66 (2d Cir.1981).

Although the Court had warned at the time of the September pretrial that a default application would be entertained in the event any party failed to appear on the trial date, it nevertheless is evident from the record that movant was entitled to, but was not accorded, 3 days notice of the application as mandated by Rule 55(b)(2).[2]

■ Where the 3 day notice requirement of Rule 55(b)(2) has not been complied with, the default judgment is generally regarded as voidable under Rule 60(b)(6), rather than void under Rule 60(b)(4). *United States v. Martin,* 395 F.Supp. 954, 960–61 (S.D.N.Y. 1975); *but see Savoretti v. Rodriquez-Jiminez,* 252 F.2d 290 (5th Cir.1958) (failure to comply with three day notice requirement renders default judgment void); *Press v. Forest Laboratories, Inc.,* 45 F.R.D. 354, 357 (S.D.N.Y.1968) (judgment entered without three day notice must be vacated as a matter of law). As Professor Moore states:

> Failure to give the required notice is generally regarded as a serious procedural irregularity. But the error should be considered in the light of surrounding circumstances and will, at times, be harmless.

6 *Moore's Fed.Prac.* ¶ 55.05 3 at 55–57.

■ In this instance the Court concludes that surrounding circumstances warrant the vacating of the default judgment. There is generally a "strong judicial interest in resolving legal issues on their merits," *Doane v. Metal Bluing Products, Inc.,* 82–CV–1050, slip op. at 4 (N.D.N.Y. July 6, 1983) (McCurn, J.), *citing, inter alia, Altschul v. Paine Webber, Inc.,* 488 F.Supp. 858, 859 (S.D.N.Y.1980), which is enhanced where, as here, the case presents material issues of fact in dispute. *See Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981). Indeed, movant's submissions indicate that Gerhardt and Marketing can assert a substantial defense on the merits: that they were neither a party to the agreement sued upon in the first cause of action, nor the recipient of the material alleged to

language of Rule 60(b)(6). *United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.1971).

**2.** Moreover, having appeared in the action, movant was also entitled to immediate notice of the default judgment, pursuant to Rule 77(d) Fed.R. Civ.P. *Radack v. Norweigian American Line*

Agency, Inc., 318 F.2d 538 (2d Cir.1963). The record indicates that movant was not given immediate notice of the default, and learned of it through the clerk's letter of January 26, 1983. Thus, movant cannot be faulted for any delay in moving to vacate.

**158**

have been wrongfully withheld in the second cause of action.

Moreover, there appears to be little prejudice to the plaintiffs in vacating the default. Though the case is now lamentably old, it appears that all parties (and indeed the Court) must share responsibility for the delay; the conduct of the movant which resulted in default, however, did not appreciably or prejudicially increase that delay. There is, for example, no contention by the plaintiff that, in the interim between movant's failures to appear and the present, its ability to establish its case has suffered from loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion. *See Davis v. Musler*, 713 F.2d 907 at 916 (2d Cir.1983). *See also Doane v. Metal Bluing Products, Inc.*, *supra*, slip op. at 6.

Accordingly, while the Court finds no excuse for the dereliction of movant's counsel, it nevertheless finds ample basis for relief from default in Rule 60(b)(6). The motion to vacate the default judgment against Gerhardt Investment Group and Marketing America, Inc., is hereby granted.

IT IS SO ORDERED.

### ORDER

Whereas, on December 20, 1982, the Court ordered judgment to be entered in favor of the plaintiff Traveltown, Inc., and against the defendants, Gerhardt Investment Group and Marketing America, Inc., and the Travelers Corporation, d/b/a Murgo & Sanborn, Associates, jointly and severally, for the damages incurred by reason of the causes of action alleged in the complaint; and

Whereas, the Court further ordered that said damages be assessed without a jury upon submission by the plaintiff, Traveltown, Inc., of appropriate and sufficient proof as to damages; and

Whereas, the plaintiff has submitted appropriate and sufficient proof of damages with respect to its first cause of action, but has failed to submit appropriate and sufficient proof with respect to its second cause of action; and

Whereas, by Memorandum-Decision and Order dated August 18, 1983, the judgment by default entered on December 20, 1982, has been vacated with respect to defendants Gerhardt Investment Group and Marketing America, Inc.;

IT IS, THEREFORE,

ORDERED, that a non-jury hearing, for the purpose of determining damages to be assessed against defendant Travelers Corporation, d/b/a Murgo & Sanborn, Associates, on the second cause of action in the complaint, be held in the United States Courthouse at Albany, New York, on October 5, 1983, at 10 a.m.; and it is further

ORDERED, that damages with respect to both causes of action will be assessed against defendant Travelers Corporation, d/b/a Murgo & Sanborn, Associates, thereafter.

IT IS SO ORDERED.