**SUN BANK OF OCALA, Plaintiff,**

v.

**PELICAN HOMESTEAD AND SAVINGS ASSOCIATION, Defendant and Third Party Plaintiff–Appellee,**

v.

**AMERICAN FIRST MORTGAGE FUNDING CORP., Third Party Defendant–Appellant.**

No. 88–3952
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 2, 1989.

Dwight Doskey, Cherbonnier, Ohlmeyer & Doskey, Harvey, La., for plaintiff.

William E. Wright, Jr., Gary J. Giepert, New Orleans, La., for Pelican.

Before RUBIN, GARWOOD, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue is whether a corporate defendant in a suit "appeared" in the action, within the meaning of Federal Rule of Civil Procedure 55(b)(2), when it mailed a motion to dismiss to the clerk of court and sent a copy to plaintiff's counsel, but the clerk refused to file it and returned it to the party because the motion did not comply with local rules. We hold that this mailing constituted an appearance and that a default judgment should not have been entered without three-days notice to the defendant.

I.

Sun Bank of Ocala sued First Financial of Louisiana Savings and Loan Association on a letter of credit that First Financial had issued to it, alleging that, in reliance on the letter of credit, it had loaned approximately $500,000 to Double Development, Inc. and American First Mortgage Funding Corporation. The successor in interest to First Financial, Pelican Homestead and Savings Association, filed a third-party complaint seeking indemnification from various parties, including American. On February 24, 1988, in accordance with the Louisiana Long Arm statute, Pelican served its complaint on American, which is domiciled in Florida.

Meanwhile, on January 18, 1988, the President of American, Charles DeMenzes, wrote the trial judge that he was attempting to retain counsel in New Orleans, but had not met with much success and, therefore, requested additional time to engage counsel. DeMenzes also wrote to counsel for Pelican informing him of American's efforts to obtain counsel, and several New Orleans lawyers subsequently communicated with Pelican's lawyer confirming these discussions. American never retained, however, any of the attorneys, and each attorney notified Pelican's counsel that he would not be acting for American. On June 14, pursuant to Pelican's request, the clerk of court entered a default against American because it had been served but had not answered within the time allowed by law. Neither the clerk nor the court, however, rendered judgment at this time.

On June 14, Pelican took DeMenzes' deposition at Ocala, Florida, where he was represented by local counsel. While DeMenzes never revealed in deposition that he planned to oppose the third-party demand, his deposition would have been unnecessary if judgment against American were to have been taken by default.

In July, 1988, DeMenzes, appearing *pro se* on American's behalf, mailed to the office of the clerk of court for the Eastern District of Louisiana a document captioned "Motion to Dismiss" and another document captioned "Memorandum in Support of Motion to Dismiss," and sent a copy of each document to Pelican's attorney. The clerk returned the original documents to DeMenzes with a letter stating that American had not complied with Local Rule 3.2 of the Eastern District of Louisiana, which requires that any motion be accompanied by a formal order setting the motion for hear-

ing. American made no attempt to refile the motion.

On August 16, 1988, Pelican filed a motion for a default judgment without providing notice to American. The district court entered judgment. Thereafter, American filed a motion to set aside the judgment, which the district court denied.

## II.

A defendant in federal court is entitled to an adequate opportunity to present a defense without suffering a possible default judgment. Fed.R.Civ.P. Rule 55(a) permits a default against a party when it "has failed to plead or otherwise defend" itself. Rule 55(b)(1) permits judgment by default to be entered by the clerk upon certain conditions. Rule 55(b)(2) requires, however, that the court, not the clerk, enter a default judgment "[i]f the party against whom judgment by default is sought has appeared in the action." In that event, the party "shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules [1] and resorted to by courts only in extreme situations.[2] As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party."[3]

What constitutes an "appear[ance]" under Rule 55(b)(2), thus requiring both three-days notice and the entry of judgment by the court, is not, therefore, confined to physical appearances in court or the actual filing of a document in the record.[4] As Moore's treatise observes, " '[a]ppearance' is defined broadly ... to include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim."[5] Thus, courts have held that a letter from a defendant's counsel to plaintiff's counsel and a telephone conversation between them, in both of which the defendant's lawyer indicated an intention to defend the suit, sufficed as an appearance under Rule 55(b)(2).[6]

This circuit has specifically refused to require a party to file documents in the record in order to have "appeared" under Rule 55(b)(2). In *Turner v. Salvatierra*[7] and in *Charlton L. Davis & Co. P.C. v. Fedder Data Center, Inc.*, we held off-the-record communications by defendant's counsel sufficient to satisfy the rule. In denying American's motion to set aside the default judgment, the district court sought to distinguish both of these cases. In *Turner*, an answer had actually been filed to a first complaint, although not to the second, similar complaint. In *Charlton L. Davis*, however, nothing had been filed in the record, and we still held a letter from defendant's lawyer to plaintiff's lawyer and a telephone conversation between them sufficient to require three-days notice.

1. 10 Wright, Miller & Kane, Federal Practice and Procedure § 2681, p. 402–406.

2. *Charlton L. Davis & Co. P.C. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir.1977); *E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972).

3. *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970).

4. See *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir.1981); *H.F. Livermore Corp.*, 432 F.2d at 691; 6 Moore's Federal Practice ¶ 55.05[3], pp. 55–27; 10 Wright, Miller, and Kane, Federal Practice and Procedure § 2686, pp. 432–34; cf. *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

5. 6 Moore's Federal Practice ¶ 55.05[3], p 55–27.

6. *Charlton L. Davis*, 556 F.2d at 309; *H.F. Livermore Corp.*, 432 F.2d at 691–92; *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491, 492–93 (S.D.Tex.1961); cf. *Port–Wide Container Co. v. Interstate Maintenance Corp.*, 440 F.2d 1195, 1196 (3rd Cir.1971).

7. 580 F.2d 199 (5th Cir.1978).

 

While the plaintiff in *Charlton L. Davis* sought the default in stealth, the operative principle of that decision is generally applicable: "notice under Rule 55 would have promptly resolved the matter" if "the plaintiff felt [that the defendant] was guilty of dilatory tactics and had no real defense."[8]

Pelican's counsel had received by mail a copy of American's motion to dismiss, even though the clerk's office had refused to accept it. The filing of a motion to dismiss is normally considered to constitute an appearance,[9] and, in this case, it should have clearly conveyed to Pelican American's intent to contest the suit. As in *Charlton L. Davis*, therefore, "[t]he plaintiff knew" from the correspondence that the defendant "had a clear purpose to defend the suit," thus requiring compliance with the provisions of Rule 55(b)(2).

The district court also found that American's behavior exhibited a "clear record of delay or contumacious conduct" sufficient to sustain a default judgment. The district court, however, gave no explanation of these findings, and we find nothing in the record to indicate such delay or contumacy as to obviate the need for simple notice.

We are aware of the burden that delay imposes on litigants, and of a busy trial court's need to maintain an efficient procedural regimen that provides for trial on the merits in those cases that warrant trial. Courts, however, can deal with obstinate and dilatory parties in a variety of ways, and judgment by default should not be the first resort. In a suit that had been in progress for months and in which counsel for Pelican was fully aware that American had evinced a desire to defend itself, counsel might well have observed the courtesy of a bygone day that is still, fortunately, practiced by some members of our profession, of simply advising American that, if it continued to fail to plead formally, Pelican would be obliged to request a judgment by default.

Pelican contends that American should at least be required to show that it has a meritorious defense before the default is set aside. That argument, upon which we intimate no opinion, may be made by motion for summary judgment if, after being given notice, American formally appears. American and its counsel should, of course, comply with Rule 11 in whatever documents it may file.

For these reasons the default judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

8. *Charlton L. Davis*, 556 F.2d at 309.

9. *Mason v. Utley*, 259 F.2d 484, 485 (9th Cir. 1958); *see also* 6 Moore's Federal Practice ¶ 55.05[3], p. 55–27.