In re Leopoldo ZORRILLA, M.D. a/k/a Leopoldo Zorrilla–Rios, M.D. and Esther H. Zorrilla, Debtors.

BURLINGAME GROUP, A General Partnership, Plaintiff,

v.

BURLINGAME JOINT VENTURE, I, Mountain Management, Inc., Marvin A. Rubin & Co., R. Morris Holmes, Alfonso Chiscano, M.D., Leopoldo Zorrilla, M.D., and Jerry L. Franz, M.D., Defendants.

Bankruptcy No. 5–86–00379–C.
Adv. No. 89–5206–C.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

May 25, 1990.

---

**16.** If it later becomes necessary, the court may   reconsider the counterclaim.

Rebecca Simmons, J. Daniel Harkins, Cox & Smith, Inc., San Antonio, Tex., for plaintiff.

Larry Patton, San Antonio, Tex., for defendant Jerry L. Franz.

William A. Jeffers, J. Vince Hightower, Jeffers, Brook, Kreager & Gragg, Inc., San Antonio, Tex., for defendant Leopoldo Zorrilla, M.D.

Ronald Hornberger, Plunkett, Gibson & Allen, Inc., San Antonio, Tex., for defendant Alfonso Chiscano, M.D.

### ORDER ON MOTION OF DEFENDANT JERRY FRANZ TO SET ASIDE DEFAULT JUDGMENT

LEIF M. CLARK, Bankruptcy Judge.

Came on for hearing the motion of Defendant Jerry Franz to Set Aside a Default Judgment under Rule 55(c), made applicable in bankruptcy by Bankruptcy Rule 7055. Upon consideration thereof, the court finds and concludes that the motion should be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a lawsuit seeking recovery of a deficiency judgment against co-obligors and guarantors on a note held by the plaintiff. Three of the defendants had filed bankruptcy in this district and division. One of them, Dr. Leopoldo Zorrilla, filed a removal action (on July 10, 1989) after being served with the state court summons. All the other defendants (including Dr. Jerry Franz) were notified of the removal.[1] Three days later (July 13, 1989), Dr. Franz (who was another one of the three defendants who had gone through a bankruptcy here) was also served with a state court summons (which had been issued in June, prior to the removal by Dr. Zorrilla). Per Bankruptcy Rule 9027(h), the answer day for Dr. Franz was August 2, 1989. Under Texas' rules of civil procedure, the last day to answer was August 7, 1989, which is the first Monday after the expiration of twenty days after the date of service. Tex.R. Civ.P., Rule 99(c). Franz' attorney in fact filed an answer in state court on August 10, 1989. By this time, Franz' attorney had received both the notice of removal and a copy of another defendant's answer (that of Dr. Chiscano). Both of these documents clearly indicated that the case was then in federal court. The answer actually filed

---

1. Bankruptcy Rule 9027(c) specifies that "the applicant shall serve a copy of the application on all parties to the removed claim or cause of action." Bankr.R. 9027(c). The rule also states that the applicant is to "file a copy of the application with the clerk of the court from which the claim or cause of action is removed." Bankr.R. 9027(d).

was thus untimely under both state and federal rules and was also improperly filed in the wrong court.[2]

On August 11, 1989, (the day *before* plaintiff's counsel received their copy of the defendant's answer), plaintiff obtained the entry of a default in federal court against Dr. Franz.[3] Plaintiff the same day moved for entry of default judgment against Dr. Franz. Fed.R.Civ.P., Rule 55(b)(2). Unaware that Dr. Franz had filed an answer the previous day, plaintiff's counsel justifiably believed that Dr. Franz had not made an appearance in the case, and so did not notify him of the filing of this motion. *Id.*[4] When plaintiff's counsel *did* receive the untimely and improperly filed answer the next day, they took no further steps to notify either Dr. Franz or his attorney of the pending motion for default judgment. They also took no steps to notify the court of their receipt of the answer which had been filed in state court the day before their motion was filed in federal court.

On September 5, 1989, default judgment was entered against Dr. Franz. Franz did not actually learn of the default judgment, however, until November 1989. After fruitless negotiations to set aside the judgment by agreement, this motion followed.

## ANALYSIS

As a general rule, a party is entitled to a judgment by default where the defendant has failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure. *Benny v. Pipes*, 799 F.2d 489, 492

(9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987); 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* § 2682 at 407–08 (2d ed. 1983). A judgment by default can be set aside only upon a showing of good cause for the default. Fed.R.Civ.P., Rule 55(c); *Matter of State Exchange Finance Co.,* 896 F.2d 1104, 1106 (7th Cir.1990). The party seeking to set the default judgment aside must also make a satisfactory showing that one of the conditions for relief from judgment under Rule 60(b) obtains. Fed.R.Civ.P., Rule 55(c); *see* Fed.R. Civ.P., Rule 60(b). In the Fifth Circuit, default judgments are still viewed harshly as the remedy of last resort.

A defendant in federal court is entitled to an adequate opportunity to present a defense without suffering a possible default judgment ... The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations.

*Sun Bank of Ocala v. Pelican Homestead & Savings Association,* 874 F.2d 274, 276 (5th Cir.1989); *but cf. Matter of State Exchange Finance Co., supra* at 1106 ("[t]raditionally, default judgments were strongly disfavored; however, 'this court has moved away from the traditional position ... we are increasingly reluctant to reverse refusals to set them aside' ").[5]

---

**2.** Bankruptcy Rule 9027(d) states that "[r]emoval of the claim or cause of action is effected on such filing of a copy of the application. *The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.*" Bankr.R. 9027(d) (emphasis added).

**3.** The bankruptcy clerk certifying the default would, of course, not have been aware of the answer filed in state court. *See* Fed.R.Civ.P., Rule 55(a).

**4.** Rule 55(b)(2) reads as follows, in pertinent part:
  (b) *Judgment.* Judgment by default may be entered as follows:
    (2) *By the Court.* ... If the party against whom judgment by default is sought has ap-

peared in the action, the party (or, if appearing by a representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application....
Fed.R.Civ.P., Rule 55(b)(2).

**5.** Added the Seventh Circuit,
  The old formulas—a harsh sanction, drastic, should be imposed only as a last resort, for example, when other, less drastic remedies prove unavailing, etc.—are still at times intoned. The new practice, however, is different. The entry of a default judgment is becoming—without interference from this court—a common sanction for late filings by defendants, especially in collection suits such as this against sophisticated obligors. At a time of unprecedented caseloads, federal

Rule 55(b)(2) of the Federal Rules of Civil Procedure (made applicable in bankruptcy adversary proceedings by Bankruptcy Rule 7055) says that a default judgment may not be entered against a defendant who has communicated to the plaintiff an intent to defend the claim, i.e., has "appeared," without at least affording that defendant at least three days' notice before the default judgment is entered. Failure to afford such notice to a defendant who has "appeared" within the meaning of the rule may constitute good cause under Rule 55(c) to set aside the judgment. *Sun Bank of Ocala v. Pelican Homestead & Savings Association*, 874 F.2d 274, 276 (5th Cir. 1989); *Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir.1977). It may also satisfy one or more of the standards for relief from judgment under Rule 60(b), all other things being equal. *Charlton L. Davis*, 556 F.2d at 309.

An appearance, according to *Moore's Federal Practice* treatise,

> is defined broadly ... to include a variety of informal acts on a defendant's part which are responsive to a plaintiff's formal action in court, and which may be regarded as sufficient to give the plaintiff a clear indication of the defendant's intentions to contest the claim.

6 *Moore's Federal Practice* ¶ 55.05[3], p. 55–27 (2d ed. 1988). There are thus *two* features to an appearance: a (1) responsive act to the plaintiff's formal action, the nature of which (2) gives the plaintiff a clear indication of the defendant's intent to contest the claim. Much of the case law has focused on the extent of informality of the defendant's responsive act which will be tolerated. The informality is usually justified by a finding that the plaintiff was placed on actual notice of the defendant's present and actual intent to contest the claim, i.e., that second feature outweighs the informality of the first. *See, e.g., Sun Bank of Ocala v. Pelican Homestead & Savings Association*, 874 F.2d 274, 277 (5th Cir.1989) (copy of unfiled "motion to dismiss" served on plaintiff); *Charlton L.*

*Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir.1977) (telephone call and letter to plaintiff's attorney requesting extension of time to answer, after the clerk's entry of default but before entry of default judgment); *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir.1978) (defendant had appeared in prior case which was dismissed for want of prosecution and refiled by plaintiff); *Press v. Forest Laboratories, Inc.*, 45 F.R.D. 354, 357 (S.D.N.Y.1968) (pleading filed in "wrong" case held to be an appearance in the "right" case for Rule 55(b)(2) purposes); *A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972) (service of an answer on plaintiff's counsel, even if not filed with the court, counts as an appearance under the rule); *see also Traveltown, Inc. v. Gerhardt Investment Group*, 577 F.Supp. 155, 156 (N.D.N.Y.1983).

This case presents the obverse situation: the responsive act was "formal" in the sense that an actual answer was filed (albeit in the wrong court), but the plaintiff did not have notice of the responsive act prior to filing its motion for default judgment (due to the timing of the answer, the filing of the motion, and the plaintiff's receipt of service of the answer). In the Seventh Circuit, this lack of notice to the plaintiff might well tip the scales in favor of upholding the default judgment. *See Matter of State Exchange Finance Co., supra; see also Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir.1986); *United States v. Di Mucci*, 879 F.2d 1488, 1493–96 (7th Cir. 1989). In the Fifth Circuit, however, we must indulge the appearance rule with liberality to give effect to this circuit's stated intention that judgments should result from determinations on the merits rather than from procedural infirmities. *See Sun Bank of Ocala, supra* at 276. This court therefore holds that the defendant here entered an appearance by virtue of his answer in the state court, entitling him to the

judges are unwilling to allow the processes of the federal courts to be used for purposes of delaying the payment of debts.

*Matter of State Exchange Finance Co., supra* (Posner, C.J.).

three days' notice contemplated under Rule 55(b)(2).

■ At least one court has held that a party's counsel had a duty to apprise the court of the existence of a letter constituting an appearance under this rule. *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491, 493 (S.D.Tex.1961). Although it is true that, in *Dalminter*, the plaintiff knew of the letter *before* it filed its motion for default judgment, the principle that a party has a duty of candor with regard to representations made to the court applies in this situation as well, because of the deep disfavor in which default judgments are held in this circuit. The plaintiff here should have notified the court of its receipt of the untimely and improperly filed answer before permitting the court to act on the motion for default judgment under the misapprehension that there had been no such appearance as of the date of the motion. Similarly, the plaintiff should have given the defendant the three days' notice once it was aware of the defendant's appearance.

This is not an unfair duty to impose on plaintiffs in these kinds of cases. Granted the plaintiff did not know of the appearance as of the date it moved for default judgment. An appearance was nonetheless made before the motion was filed. The purpose of the "appearance" rule is to give the defendant every opportunity to avoid the draconian penalty of default by at least appearing in order to contest its entry. *Charlton L. Davis, supra* at 309.[6] As soon as plaintiff became aware of the appearance (albeit unbeknownst to plaintiff when it filed its motion), plaintiff needed to take the appropriate steps to vindicate the salutary purpose of Rule 55(b)(2) by "closing the loop" of information. The defendant did not know that the motion for default judgment had been filed, and was therefore reasonably justified in assuming that the plaintiff had accepted the answer it *had* filed. The court knew of the default by virtue of plaintiff's motion, but did not know of the answer (the "appearance") defendant had filed. Only if the plaintiff stepped in could all parties (including this court) be expected to act with the information necessary to make the correct decision called for under Rule 55.

■ The better rule in such situations therefore is that (1) if an appearance is made *before* the motion for default judgment is filed and (2) if the moving party learns of the existence of the appearance *after* filing the motion, any default judgment ultimately entered will be vulnerable to being set aside for failure of the moving party to supplement the moving papers with the appropriate notification to the defaulting party and to the court.[7] If the appearance in question is not been made until *after* the motion for default judgment is filed, however, the moving party should not have to go back to amend or supplement its motion, for in that case, the motion before the court will still accurately reflect the state of the case as of the filing of the motion, namely, that no appearance had been made *as of the time the motion for default judgment was filed.*[8] Rule 55(b)(2) is specific in this regard. It imposes the three days' notice requirement only in those cases in which "the party against

---

**6.** Commented that court,

> If the plaintiff felt [defendant] was guilty of dilatory tactics and had no real defense, then notice under Rule 55 would have promptly resolved the matter. Instead, the plaintiff sought to reap tactical advantage from [defendant's] prior neglect by acquiring in stealth a decision sheltered by the rules which protect final judgments. Such practice is what Rule 55 was designed to prevent.

*Id.*

**7.** Prior to the entry of this decision, no case law of which this court is aware addressed the peculiar factual situation presented by this case. So far as the court is concerned, plaintiff was justi-

fied under the case law in taking the position that it had no duty to either notify the defendant of its motion or to supplement its motion then pending before the court. In other words, there are no grounds for sanctions of any kind whatsoever against either plaintiff or plaintiff's counsel for their having adopted the stance they took on this matter.

**8.** This was precisely the factual pattern in *State Exchange Finance.* The defendant's appearance was made *after* the plaintiff moved for default and *before* the court entered the default judgment. *Matter of State Exchange Finance Co.*, 896 F.2d at 1105.

whom judgment by default is sought *has appeared* in the action." Fed.R.Civ.P., Rule 55(b)(2) (emphasis added). The rule's provisions (including its equitable exceptions) should operate with predictable certainty. The rule of interpretation here announced draws a bright line which tends to assure that result.

■ Rule 55(c) provides that Rule 60(b) sets the standard for whether a default judgment will be set aside. Fed.R.Civ.P., Rule 55(c). Rule 60(b) in turn permits a court to set aside a judgment upon a finding of, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... (4) the judgment is void; ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P., Rule 60(b). The facts of this case warrant granting relief from this default judgment under this rule on at least two grounds.

First, defendant's neglecting to act more quickly in response to the motion for default judgment (either to prevent its entry or to set it aside) is excusable, in view of the fact that he was not notified that plaintiff was seeking it in the first place. As he had filed an answer, he could reasonably expect, under the case law, that he would be notified of any attempts to take a default judgment against him for filing his answer late.

Second, at least some authorities have held that a default judgment taken in violation of Rule 55(b)(2) is a void judgment which must be set aside. *See Cargill, Inc. v. Cohen*, 115 F.R.D. 259, 261 (M.D.Ga. 1987); *Savoretti v. Rodriguez–Jiminez*, 252 F.2d 290, 291 (5th Cir.1958); *Press v. Forest Laboratories, Inc.*, 45 F.R.D. 354, 357 (S.D.N.Y.1968). Others have held such judgments to be at least voidable. *See Traveltown, Inc. v. Gerhardt Investment Group*, 577 F.Supp. 155, 157 (N.D.N.Y. 1983); *Trust Company Bank v. Tingen–Millford Drapery Company, Inc.*, 119 F.R.D. 21, 23 (E.D.N.C.1987). Under either subparagraphs (5) or (6), then, Rule 60(b) authorizes setting aside this default judgment. *Charlton L. Davis & Co., P.C. v.*

*Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir.1977).

Little or no prejudice results to the plaintiff in this case by setting aside the default judgment against Dr. Franz. First of all, the judgment was not final in any event. Fed.R.Civ.P., Rule 54(b); *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir.1985); *United States v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir.1967); *see Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811–12 (7th Cir.1986) (improper to enter final judgment against one defendant jointly and severally liable with other defendants). Secondly, the grounds for recovery against Dr. Franz and the other two doctor defendants are virtually identical (though the facts relating to the defense of discharge in bankruptcy might be somewhat different). Thirdly, the court has already ruled that Dr. Franz would not be permitted to re-open discovery if the default were set aside and that Dr. Franz was to actively participate in discovery from the date of the hearing on this motion (February 7, 1990) forward, just as though he were defending on the merits, to minimize delay and prejudice to the plaintiff.

It is therefore the order of the court that the default judgment against Dr. Franz be set aside, that he re-file an answer in this adversary proceeding within ten (10) days of the date of entry of this order, setting forth his denials and setting out such affirmative defenses as were originally raised in his state court answer, and that he also file within that same time frame any joinder he might desire in the current pending motions of Doctors Chiscano and Zorrilla for summary judgment (though Franz is *not* permitted to raise additional grounds for summary judgment). The plaintiff may, within ten (10) days after service of Franz' joinder in the defendants' motion for summary judgment, respond with additional declarations and affidavits (as it sees fit). The plaintiff may also incorporate by reference such summary judgment evidence as it may already have submitted with respect to its response to

Chiscano's and Zorrilla's motion for summary judgment.[9]

So ORDERED.

---

**9.** Despite this court's having set aside the default judgment, the court intends neither to sanction nor reward defendant for failing to timely file an answer in this case in the first place. *See Matter of State Exchange Finance Co., supra* at 1106. It is for this reason that the court will not entertain pleadings which exceed the scope of the answer already on file, nor will the court permit the defendant to raise various motions under Rule 12 of the Federal Rules, which mo- tions are deemed waived for purposes of this case by defendant's failure to raise them before filing his original answer. In addition, while Dr. Franz is permitted to *join* in the other defendants' motion, he is *not* permitted to *expand* upon that motion, other than to put in summary judgment facts unique to him, to the extent they relate directly to the issues raised in the other defendants' motion.