PHILIP MORRIS USA INC., Plaintiff,

v.

William W. LEE et al., Defendants.

No. EP–05–CV–490–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

July 23, 2007.

Bruce A. Koehler, Carl H. Green, Mounce, Green, Myers, Safi, Paxson & Galatzan, P.C., El Paso, TX, John C. Ulin, Los Angeles, CA, Kalai Lau, Samuel R. Watkins, Heller Ehrman LLP, Seattle, WA, for Plaintiff.

Robert A. Skipworth, Attorney at Law, El Paso, TX, for Defendants.

Julian O. Balea, Aventura, FL, pro se.

Synergy Trading Group, Inc., Aventura, FL, pro se.

Felipe Castaneda, El Paso, TX, pro se.

Ronald F. Morrison, El Paso, TX, pro se.

## ORDER REGARDING PLAINTIFF'S FILING OF VARIOUS DOCUMENTS ALLEGEDLY SUBMITTED BY DEFENDANT MOTOHIRO MIYAGI

MARTINEZ, District Judge.

On May 10, 2007, Plaintiff Philip Morris USA Inc. filed a document with the Court which it indicates that it received from Defendant Motohiro Miyagi. To this point, Miyagi has filed nothing with the Clerk of the Court, and Plaintiff asks the Court to accept the document as an answer and entry of appearance by Miyagi. Defendants John Tominelli and Southeastern Cargo Services, Inc. ("Southeastern") subsequently filed an "Objection to Plaintiff Philip Morris USA Inc.'s Notice of Filing Answer from Motohiro Miyagi" on May 18, 2007. Therein, Tominelli

and Southeastern ask the Court to strike Plaintiff's filing and refuse to consider the document as an answer from Miyagi.

On June 4, 2007, Plaintiff filed a "Request for a Status Conference and Limited Protective Order," in which Plaintiff indicated that Plaintiff's counsel also received three e-mails from Miyagi. Plaintiff asked the Court to conduct an *in camera* review of the e-mails, and sought guidance as to whether the e-mails should also be submitted to the record. In the event the Court admitted the documents, Plaintiff sought a protective order limiting their dissemination due to the contents of the e-mails. On June 14, 2007, the Court conducted a status conference regarding Plaintiff's request, at which time it invited additional briefing from the parties on the admissibility of the documents in question. Since then, Plaintiff has received two additional e-mails and provided all five to the Court. The Court has reviewed each of the documents allegedly provided to Plaintiff by Miyagi as well as the parties' briefing.[1] After due consideration, the Court is of the opinion that the initial document allegedly submitted by Miyagi should be construed as an appearance by Miyagi in this cause but that none of the six documents should now be admitted into the record.

## I. WHETHER THE AFFIDAVIT PURPORTEDLY SUBMITTED BY MIYAGI CONSTITUTES AN APPEARANCE

The Court looks first to the affidavit initially received by Plaintiff and allegedly submitted by Miyagi. The threshold issue before the Court with regard to the affidavit is whether the Court should accept the document and deem that it constitutes an appearance by Miyagi.

In various cases discussing Federal Rule of Civil Procedure 55(b)(2),[2] the Fifth Circuit

has indicated that an appearance "is not . . . confined to physical appearances in court or the actual filing of a document in the record." *Sun Bank of Ocala v. Pelican Homestead and Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir.1989). " '[A]ppearance is defined broadly . . . to include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.' " *Id.* (quoting 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.05[3] ). The Fifth Circuit has generally required only that the defendant's action "indicate in some way an intent to pursue a defense." *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir.1992). As such, that court has broadly construed the types of actions that constitute an appearance. *See, e.g., New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir.1996) (plaintiff's conversation with defendant's lawyer in which plaintiff informed defendant "that he would not sign a stipulation and that he was attempting to retain counsel to contest the suit"); *Sun Bank of Ocala*, 874 F.2d at 276 (a motion to dismiss sent by defendant to plaintiff's lawyer); *Charlton L. Davis & Co. P.C. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir.1977) (defendant made a phone call to plaintiff and sent a letter "responsive to plaintiff's formal Court action" (internal quotation omitted)). *See also A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.*, 461 F.2d 40, 43 (7th Cir.1972) (an answer sent by defendant only to plaintiff constitutes an appearance).

■ Under that standard, the first document provided by Plaintiff should be treated as an appearance by Miyagi. The document, styled as an affidavit, responds to what it

---

1. The Court has considered Plaintiff's "Response to Defendants Southeastern Cargo Services, Inc. and John Tominelli's Objection to Plaintiff Philip Morris' Notice of Filing Answer from Motohiro Miyagi," filed on May 25, 2007. At the status conference, the Court invited the parties to submit additional briefing regarding these issues. The Court has considered Plaintiff's "Supplemental Response to Defendants Southeastern Cargo Services, Inc. and John Tominelli's Objection to Plaintiff Philip Morris' Notice of Filing

Answer from Motohiro Miyagi," filed on June 21, 2007. Tominelli and Southeastern chose not to submit an additional brief.

2. Rule 55(b)(2) sets forth the procedure by which a court may enter a judgment by default. A party's prior appearance in an action triggers a requirement that the party be given notice of an application for default at least three days before the entry of default. FED.R.CIV.P. 55(b)(2).

labels the "so many un truth [sic]" of Plaintiff's Second Amended Complaint. Pl.'s Notice of Filing Answer, Ex. 1 at 1. The author proceeds to describe his role in the cigarette transaction underlying this cause, generally disputing various allegations of wrongdoing raised against Miyagi in Plaintiff's Second Amended Complaint. *Id.*, Ex. 1 at 1–3. The document is thus responsive to Plaintiff's Second Amended Complaint and indicates Miyagi's "intention to defend the suit." *Sun Bank of Ocala*, 874 F.2d at 276.

 Tominelli and Southeastern raise several objections to the Court's consideration of the documents, but each is unavailing. First, they raise several procedural objections. They argue that the affidavit has not been notarized or otherwise authenticated, and thus it is not clear that the document is in fact from Miyagi. Defs.' Obj. 1–2. The Federal Rules of Civil Procedure do not require notarization, and Defendants offer no basis or legal authority for presuming that the documents are inauthentic. The Court notes that the affidavit discusses the circumstances underlying this cause in depth, and the signature on the document appears to match Miyagi's signature on various documents previously provided to the Court. *Compare* Pl.'s Suppl. Resp., Exs. 1–5, *with id.*, Ex. 6. The Court is thus given no reason to question the document's authenticity for the limited purposes of Miyagi's entering an appearance. Second, Tominelli and Southeastern argue that statements in the affidavit indicate that Plaintiff failed to effect proper service of process under the Federal Rules of Civil Procedure. While Miyagi himself may challenge the sufficiency of service should he desire, the Court notes that a defendant may waive this defense, FED. R.CIV.P. 12(h), and it is clear from the submitted affidavit that it was written in receipt of the Second Amended Complaint, *see* Pl.'s Notice of Filing Answer, Ex. 1 at 1 (affidavit stating that "Second Amended Complaint and Waiver of Service of Summons delivered to my ex-wife's address in Paraguay was forwarded to me in Miami"). The potential insufficiency of service does not undermine the clear intention of the affidavit's author to respond to Plaintiff's filing.

Tominelli and Southeastern then raise several objections based on the substance of the submitted affidavit. They contend that the affidavit "appears to be a settlement offer rather than an Answer." Defs.' Obj. 1. While the Court will address whether the document constitutes an answer below, this does not affect the Court's determination that the affidavit constitutes an appearance, as the author is clearly disputing Miyagi's culpability for the alleged sale of counterfeit cigarettes underlying this cause. Second, Tominelli and Southeastern contend that "some of the representations in the letter contradict other reliable evidence adduced in the case." *Id.* at 1–2. This does not undermine the Court's determination that the document constitutes an appearance by Miyagi. In a complex cause with numerous defendants, it is hardly unusual for the parties to take conflicting positions, and the Court sees no reason to strike certain filings simply because they contradict other evidence in the record.

Ultimately, Tominelli and Southeastern's concern with the document and its potential filing may be motivated not by the consequences of Miyagi's entering an appearance but by Plaintiff's counsel's statement at Court-scheduled docket call that the document raises new issues regarding the Court's jurisdiction over Tominelli and Southeastern. At the time Plaintiff filed the documents in question, the Court had under consideration Plaintiff's motion to reconsider the Court's earlier dismissal of Tominelli and Southeastern for lack of personal jurisdiction. The Court has since granted that motion and reinstated Tominelli and Southeastern to this cause. In reconsidering the dismissal, the Court in no way took into account the substance of the five documents allegedly received by Plaintiff from Miyagi. If Plaintiff seeks to admit the five documents as Miyagi's testimony against other defendants at a later date in this cause, the Court will consider the authenticity and admissibility of the documents at that time.

The Court is thus of the opinion that the affidavit allegedly submitted by Miyagi to Plaintiff offers "a clear indication of [Miyagi's] intention to contest the claim." 6 MOORE ET AL., MOORE'S FEDERAL PRACTICE

¶ 55.05[3]. The Court construes the affidavit as an appearance by Miyagi in this cause. If Plaintiff subsequently seeks a default judgment against Miyagi in this cause, it must provide due notice to Miyagi under the terms of Federal Rule of Civil Procedure 55.

## II. WHETHER THE AFFIDAVIT PURPORTEDLY SUBMITTED BY MIYAGI CONSTITUTES AN ANSWER

Whether the document also constitutes an answer is a question the Court need not address at this time. The legal authorities cited in Plaintiff's briefing focus on whether certain actions by defendants constitute appearances and whether a plaintiff has a duty to notify a court of such actions. None of the cited cases addresses whether a document submitted by a defendant to a plaintiff or plaintiff's counsel may be treated as an answer under Federal Rule of Civil Procedure 8. The Court thus construes Plaintiff's filings as an attempt to fulfill its duty to notify the Court of Miyagi's communications with Plaintiff regarding this cause. Given the Court's determination that Miyagi has entered an appearance in this cause, Plaintiff is now free to pursue a default judgment if appropriate under Federal Rule of Civil Procedure 55. Given the potentially significant consequences of a defendant's filing of an answer, see FED.R.CIV.P. 12(h) (providing that certain defenses, such as insufficient service and the lack of personal jurisdiction, are waived if not included in a responsive pleading), and the issues raised by Tominelli and Southeastern that could impact the Court's determination, the Court reserves the opportunity to determine whether the document constitutes an answer, and will confront that question only if subsequently requested to do so.

## III. THE SUBSEQUENT E–MAILS PURPORTEDLY SUBMITTED BY MIYAGI

■ Plaintiff has also provided the Court with five e-mails it contends that it received from Miyagi. Plaintiff asks the Court to review the documents *in camera* and to determine whether Plaintiff need submit these and any future e-mails to the Court for entry into the record. Pl.'s Req. for a Status Conf. and Limited Protective Order 1–2. In the event the Court requires their submission, Plaintiff seeks a protective order to limit the dissemination of the documents. *Id.* After reviewing the documents and applicable case law, the Court will not require Plaintiff to submit the documents into the record.

Plaintiff correctly notes that various courts have required plaintiffs to disclose the receipt of a document or other communication from a defendant. *See, e.g., Dalminter, Inc. v. Jessie Edwards, Inc.,* 27 F.R.D. 491, 493 (S.D.Tex.1961) (The plaintiff "was served with an answer in accordance with the summons, and he had the duty to inform the Court of the receipt of such answer when the file with the Clerk showed that no answer had been filed by the defendant. . . ."); *In re Zorrilla,* 115 B.R. 894, 898 (Bankr.W.D.Tex. 1990) ("The plaintiff here should have notified the court of its receipt of the untimely and improperly filed answer before permitting the court to act on the motion for default judgment under the misapprehension that there had been no appearance as of the date of the motion."). This duty is derived from the procedural safeguards of Federal Rule of Civil Procedure 55, by which a party that has appeared in an action must be given notice of an application for a default judgment. As discussed above, Plaintiff has fulfilled that duty by notifying the Court of its receipt of the first of the five documents allegedly sent by Miyagi.

The Court has identified no authority for the proposition that parties have a continuing duty to provide the Court with copies of all correspondence between the parties. In light of this, the Court will not require Plaintiff to submit to the Court further e-mails from Miyagi. Plaintiff's request for a protective order limiting the dissemination of such e-mails by the other parties to this cause is thus moot. The Court also directs the Clerk of the Court to attempt to contact Miyagi, at the e-mail address listed in the documents provided by Plaintiff, in order to provide him with a copy of this Order.[3]

---

**3.** The Court advises Miyagi that other than the document titled "Affidavit" and dated May 7,

2007, the documents he has provided to Plaintiff's counsel have not been admitted into the

## IV. CONCLUSION

After reviewing the six documents allegedly submitted by Defendant Motohiro Miyagi to Plaintiff's counsel, the Court is of the opinion that the first affidavit constitutes an appearance by Miyagi in the instant cause. The Court will not, at this time, admit any of the six documents into the record.

Accordingly, **IT IS ORDERED** that Defendants Southeastern Cargo Services, Inc. and John Tominelli's "Objection to Plaintiff Philip Morris' Notice of Filing Answer from Motohiro Miyagi" (Docket No. 183) is **OVERRULED,** insofar as Defendants object to the Court's consideration of the filing as an appearance by Defendant Motohiro Miyagi in this cause.

**IT IS FURTHER ORDERED** that the Clerk of the Court will consider Defendant Motohiro Miyagi as having entered an appearance in this cause for purposes of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff Philip Morris USA Inc.'s "Request for a Status Conference and Limited Protective Order" (Docket No. 192) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff Philip Morris USA Inc.'s "Notice of Providing Documents to Court *in Camera* and Motion for Protective Order" (Docket No. 199) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff Philip Morris USA Inc.'s "Second Notice of Providing Document to Court *in Camera* and Motion for Protective Order" (Docket No. 202) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff Philip Morris USA Inc.'s "Third Notice of Providing Documents to Court *in Camera* and Motion for Protective Order" (Docket No. 206) is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court **PROVIDE** Defendant Motohiro Miyagi with a copy of this Order by

record and are not properly before the Court. To the extent he wishes to participate in the litigation of this cause, further communication should be with the Clerk of the Court. Documents may be submitted to the U.S. District Clerk's Office, 511 East San Antonio Ave., El

means of the e-mail address listed on the documents submitted by Plaintiff.

Paso, Texas 79901. As with any party, Miyagi would be best served by retaining counsel who is familiar with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Texas.