United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————

No. 05-30132

—————

ROBERT KALTENBACH,

Plaintiff-Appellant,

versus

KEITH P RICHARDS; WILLIE PERRY; DONAHUE LAVERNE,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana

Before GARZA, DeMOSS, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Robert Kaltenbach ("Kaltenbach") appeals from the district court's Rule 12(b)(6) dismissal of his suit against Keith Richards ("Richards") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Kaltenbach purchased a mobile home and used it as security on a loan from Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). When he failed to keep up with his payments, Vanderbilt sent him letters notifying him that he was in default, that the loan balance had been accelerated, and

that Vanderbilt might exercise its right to repossess the home. When Kaltenbach continued to miss

payments, Vanderbilt retained Richards, a licensed Louisiana attorney, to initiate an executory

process foreclosure on the mobile home. On behalf of Vanderbilt, Richards filed a foreclosure action,

and eventually the mobile home was seized and sold. Kaltenbach then filed this action against

Richards, alleging that Richards violated § 1692g[1] of the FDCPA by not sending a "dunning letter"

before filing the foreclosure action.

Richards filed a motion to dismiss on the ground that Kaltenbach had failed to state a cause

of action. *See* FED. R. CIV. P. 12(b)(6). The district court granted the motion, holding that Richards

is not a debt collector under the FDCPA, except for purposes of § 1692f(6),[2] and that he is therefore

---

[1] § 1692g provides in pertinent part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[2] § 1692f(6) specifies under what circumstances a debt collector may take or threaten to take "nonjudicial action to effect dispossession or disablement of property." 15 U.S.C. § 1692f(6).

not subject to §1692g.

This court reviews *de novo* a district court's 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. *Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395 (5th Cir. 2005). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Complaints should be construed liberally in favor of the plaintiff. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

Under the FDCPA, a debt collector is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . *For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.*

15 U.S.C. § 1692a(6) (emphasis added). By the plain language of the statute, therefore, a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to § 1692f(6).[3] *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003) (repossession agency that was not otherwise a debt collector was subject only to § 1692f(6)) (citing *Jordan v. Kent Recovery Servs.,*

---

[3] Kaltenbach argues that this conclusion is contrary to *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995), which held that attorneys who engage in litigation can be subject to the FDCPA. He argues that Richards, as a litigating lawyer, therefore had to comply with all parts of the FDCPA. His reliance on *Heintz* is misplaced. *Heintz* stands for the proposition that litigating lawyers are not exempt from the FDCPA if they otherwise qualify as debt collectors. It does not address the distinction between general debt collection and enforcement of a security interest, and it does not hold that litigating lawyers are subject to all provisions of the FDCPA when they do not satisfy the general statutory definition of a debt collector.

*Inc.*, 731 F. Supp. 652, 659 (D. Del. 1990)).

Kaltenbach makes little assertion in either his appellate brief or his complaint that Richards is a debt collector under the more general definition contained in § 1692a(6). However, his complaint states that Richards is "a debt collector, engaged in debt collection activities" against Kaltenbach. Liberally construing that statement in light of the fact that Kaltenbach is a *pro se* litigant and because 12(b)(6) motions are disfavored, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), we read the complaint to assert that Richards is a debt collector under the more general definition. We therefore turn to the question of whether Richards is subject to § 1692g if he satisfies the general definition of a debt collector, even though he was merely enforcing a security interest in his dealings with Kaltenbach.

An interpretation given to the FDCPA by the FTC, the administrative agency responsible for enforcement of the statute, suggests that the entire FDCPA can apply to parties whose principal business is enforcing security interests and also meet § 1692a(6)'s general definition of a debt collector. The FTC's 1988 "Commentary of the Fair Debt Collection Practices Act" ("Commentary") provides:

> Because the FDCPA's definition of "debt collection" includes parties whose principal business is enforcing security interests only for section 808(6) [§ 1692f(6)] purposes, such parties (*if they do not otherwise fall within the definition*) are subject only to this provision and not to the rest of the FDCPA.

Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097 (1988) (December 13, 1988) (emphasis added). We "must defer to [an] agency's interpretation" of a statute that it administers if (1) Congress has not spoken directly to the issue; and (2) the agency's interpretation "is based on a permissible construction of the statute."

*Walton v. Rose Mobile Homes*, 298 F.3d 470, 475 (5th Cir. 2002) (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984)). Because we find the statute ambiguous on this issue and the FTC's interpretation reasonable, we defer to the agency's construction and hold that the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector.

It might still be argued that even if he met the general definition of a debt collector, Richards did not need to comply with § 1692g because in his specific interactions with Kaltenbach, he was enforcing a security interest rather than collecting a debt. To so hold, we would have to conclude that § 1692f(6) is the only section of the FDCPA that regulates the enforcement of security interests. The statute itself demonstrates that not to be the case. § 1692i(a)(1)[4] requires that a debt collector bringing an action to enforce a security interest in real property do so only in the venue in which the property is located, presumably the most convenient and least expensive for the debtor. It is "'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 21 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Unless we conclude that the FDCPA's regulation of the enforcement of security interests by those actors that meet the more general definition of "debt collector" extends beyond the purview

---

[4]§ 1692i(a)(1) states:
Any debt collector who brings any legal action on a debt against any consumer shall[,] in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

15 U.S.C. § 1692i(a)(1).

-5-

of § 1692f(6), then § 1692i(a)(1) would be without effect.

Several courts have held that § 1692f(6) is the only section of the statute that regulates the enforcement of security interests. *See Rosado v. Taylor*, 324 F. Supp. 2d 917, 924 (N.D. Ind 2004) (holding that enforcement of a security interest is not governed by the FDCPA outside of § 1692f(6)); *Bergs v. Hoover, Bax & Slovacek, L.L.P.*, No. Civ.A.3:01-CV-1572-L, 2003 WL 22255679, at *5-6 (N.D. Tex. Sept. 24, 2003) (unreported) (same); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (same); *Heinemann v. Jim Walter Homes, Inc.,* 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999) (same). *But see Shapiro & Meinhold v. Zartman,* 823 P.2d 120 (Colo. 1992) (*en banc*) (implicitly holding that enforcement of a security interest is governed by the FDCPA if the enforcer meets the general definition of a debt collector). However, none of their decisions are able to reconcile the fact that § 1692i(a)(1) is directed at persons enforcing security interests with their holdings that only § 1692f was intended to regulate the enforcement of security interests.

Further, the courts fail to recognize that the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector. Instead, they posit that a party is a debt collector outside of § 1692f only if they were collecting a debt in the particular instance that gave rise to the dispute. *See, e.g.*, *Hulse*, 195 F. Supp. 2d at 1204 (finding that because the instant case involved a foreclosure action, which did not meet the statutory definition of a "debt", defendants could not be debt collectors under the FDCPA outside of § 1692f). This approach misconstrues § 1692a(6)'s method of defining the term. Under that subsection, a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector. *See* 15 U.S.C. §

1692a(6) ("who regularly collects or attempts to collect"). Whether a debt collector's specific action qualifies as the collection of a debt may or may not be relevant when determining whether the party must comply with other, specific substantive requirements of the FDCPA,[5] but that is a separate inquiry from whether the party meets the general statutory definition of a debt collector.

We therefore hold that a party who satisfies § 1692a(6)'s general definition of a "debt collector" is a debt collector for the purposes of the entire FDCPA even when enforcing security interests. The district court did not consider whether Richards fits the general definition of a debt collector. We therefore REVERSE the district court's dismissal and REMAND the case for proceedings not inconsistent with this opinion.

---

[5] For example, if Richards meets the general statutory definition of a debt collector, he is a debt collector for purposes of the entire FDCPA, including § 1692g. However, the question of whether Richards's enforcement of the security interest in his dealings with Kaltenbach constituted a "communication in connection with the collection of any debt" within the meaning of § 1692g is a separate one. We do not reach, and express no opinion upon, this issue.