United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41654
Summary Calendar

_____

PRESTON D. HOWARD,

Plaintiff - Appellant,

versus

DIXIE DUNAVANT INSURANCE AGENCY, Operating Under the Laws of
Texas As An Underwriter of Insurance; DEREK LEE NIEHAUS,
Individually In Their Capacity of Negligence and
Entrustment; BRIAN NIEHAUS, Individually and In Their
Capacity of Negligence and Entrustment,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:06-CV-78)

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Preston Howard appeals the district court's dismissal of his complaint with

prejudice.  We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

# I. FACTS AND PROCEEDINGS

Howard was in a car accident with Derek Lee Niehaus. State court litigation ensued regarding this accident, and Howard did not ultimately recover. He subsequently filed this federal suit, which, when liberally construed, alleged 42 U.S.C. § 1983 violations and negligence by Niehaus's insurance company, Niehaus himself, and Niehaus's father Brian Niehaus. The district court dismissed the suit with prejudice for failure to state a claim (§ 1983 claims) and lack of subject matter jurisdiction (negligence claims). Howard timely appealed.

# II. STANDARD OF REVIEW

This court's review of a district court's dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is de novo. *Kaltenbach v. Richards*, 464 F.3d 524, 526 (5th Cir. 2006). Dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation omitted). The court shall construe the complaint liberally in favor of the plaintiff. *Id.* at 526–27.

This court also reviews de novo the district court's decision to dismiss for lack of subject matter jurisdiction. *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).

# III. DISCUSSION

## A. Negligence claims

Liberally construed, the complaint alleges that the defendants were negligent. The district court dismissed the negligence claims for lack of subject matter jurisdiction. On

appeal, Howard states that "[t]his case was before the United States District Court, on a Civil Rights Violation and not a negligence claim." Accordingly, we hold that Howard has abandoned his negligence claim. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

## B.    Civil Rights claims

The complaint alleges that the defendants violated Howard's civil rights. The district court dismissed these claims under Rule 12(b)(6), finding that the defendants did not act under color of state law because they were not state officials and had only engaged in private conduct. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation omitted). On appeal, Howard concedes that the defendants were not state actors. Instead, he argues that § 1983 liability against them is possible under a joint action theory.

The plaintiff can seek liability under § 1983 against a defendant who is not a state actor by showing that the defendant "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). While the briefing is opaque, Howard appears to argue that the defendants engaged in a conspiracy with a state court judge.

In reviewing the complaint, this court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The plaintiff's allegations suggest dissatisfaction with the state court proceedings. The Supreme Court has held that "merely resorting to the courts

- 3 -

and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Sparks*, 449 U.S. at 28 (holding that the plaintiff had stated a claim because "the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge").  Even construing the complaint liberally, there are inadequate factual allegations to support this basis for a § 1983 claim against the defendants.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.