No. 07-50788

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-50788

TROY RAY CAFFEY; CHERYL LEE CAFFEY

Plaintiffs - Appellants

v.

HELLER FIRST FINANCIAL CAPITAL CORP; HELLER FINANCIAL INC; UNITED STATES SMALL BUSINESS ADMINISTRATION

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1089

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Troy and Cheryl Caffey appeal the district court's dismissal of their case. The Caffeys alleged various claims against Heller First Capital Corp., Heller Financial, Inc. (collectively, the "Heller defendants"), and the United States Small Business Association ("SBA"). The district court granted the defendants' motions to dismiss. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's dismissal for failure to state a claim de novo. Kaltenbach v. Richards, 464 F.3d 524, 526 (5th Cir. 2006). The "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (internal citations and quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

The district court dismissed the Caffeys' claims against the Heller defendants under the doctrine of res judicata because nearly identical claims were brought previously against the same defendants in bankruptcy court. It is not clear that res judicata bars the current claims because we are not convinced that the bankruptcy court had jurisdiction over the prior claims or that its decision to dismiss the case was on the merits. See Baudoin v. Bank of Lafayette, 981 F.2d 736, 740 (5th Cir. 1993) (holding that for a bankruptcy court's judgment to bar a subsequent suit it must, among other things, be "rendered by a court of competent jurisdiction" and be a "a final judgment on the merits").

Nevertheless, we affirm the judgment dismissing the Caffeys' claims against the Heller defendants on alternative grounds. The Caffeys' quiet title and trespass to try title claims, as well as their request for a declaratory judgment, should be dismissed because they arise from a supposedly invalid lien on the Caffeys' property, and the Heller defendants do not presently have any lien against the Caffeys' property. As such, the Caffeys cannot plead a proper claim for relief against the Heller defendants. The Caffeys' claims under the Texas Deceptive Trade Practices Act ("DTPA") should be dismissed because the Caffeys' claims arise out of loan on which they were guarantors of the debt. Under Texas law, only a consumer may complain about deceptive practices and

guarantors of a debt are not consumers for purposes of the DTPA. Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 311–12 (5th Cir. 1997). The Caffeys' negligence claim was properly dismissed because the plaintiffs do not present any legal authority, and we cannot locate any, for the proposition that the Heller defendants owed any legal duty to the Caffeys at any time material to this claim.

The district court also properly dismissed the Caffeys' claims against the SBA. Their negligence claim was properly dismissed because a suit against the United States for damages arising from alleged negligence is governed by the Federal Torts Claims Act, and the Caffeys failed to exhaust their administrative remedies before filing suit, which the FTCA requires. 28 U.S.C. § 2675(a); Gregory v. Mitchell, 634 F.2d 199, 203–04 (5th Cir. 1981). Dismissal of their DTPA claim was proper because the only theory of recovery that would allow the Caffeys to succeed under the DTPA sounds in tort, and the FTCA provides the exclusive remedy for such actions. A.L.T. Corp. v. Small Business Admin., 801 F.2d 1451, 1462 (5th Cir. 1986).

The Caffeys' quiet title and trespass to try title claims against the SBA, as well as their request for a declaratory judgment, were properly dismissed on limitations grounds. Under these causes of action, the plaintiffs contest the validity of the SBA's lien on the Caffeys' property. We assume arguendo that the claims are cognizable under 28 U.S.C. § 2410(a), which provides: "[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . property on which the United States has or claims a mortgage or other lien." A lawsuit brought pursuant to § 2410(a) is subject to the statute of limitations in 28 U.S.C. 2401(a). See Macklin v. United States, 300 F.3d 814, 821 (7th Cir. 2002); Nesovic v. United States, 71 F.3d at 776, 778 (9th Cir. 1995) (holding that "lawsuits brought against the United States under § 2410(a) to quiet title are subject to the statute of limitations found in § 2401(a)"). Section 2401(a) says in

relevant part that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Here, the limitations period started in 1996, so the Caffeys' claims, brought in 2006, are time-barred by § 2401's six-year statute of limitations. The limitations period began to run in 1996 when the Caffeys voluntarily placed a lien on their property to help secure a SBA-guaranteed loan. The Caffeys' opportunity to challenge the validity of the lien began in 1996. And, although the SBA did not hold the lien until 2001, the SBA's security protection in the Caffeys' property was known to the Caffeys in 1996.

Finally, the Caffeys did not plead enough facts to state a claim for relief that is plausible on its face with respect to their "equitable claims" against the Heller defendants and the SBA, to the extent that there even were any equitable claims in the Amended Petition.

AFFIRMED