IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2008

Charles R. Fulbruge III
Clerk

No. 08-20351
Summary Calendar

RAYMOND WILLIAMS WASHINGTON

Plaintiff - Appellant

v.

M HANNA CONSTRUCTION INC; STAD CARLSON; DOES A THRU Z

Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Texas
No. 4:07-CV-01417

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Raymond Williams Washington, who is pro se, appeals multiple rulings by the district court in his suit against his former employer, M. Hanna Construction Inc. ("M. Hanna"), and individual Defendants Stad Carlson[1] and "Does A Thru Z." ("A through Z Defendants"). For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] According to Defendants, "Stad Carlson" is actually "Thad Carson."

Plaintiff first contends that he was entitled to default judgment against M. Hanna because its motion to dismiss was purportedly filed one day outside of the 20-day period allowed for filing a responsive pleading or motion under Fed. R. Civ. P. 12. A default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted). Here, before Plaintiff moved for default, M. Hanna appeared in the suit by filing a motion to dismiss. Id. at 277 ("The filing of a motion to dismiss is normally considered to constitute an appearance . . . ."). The district court therefore did not abuse its discretion by denying Plaintiff's motion for default judgment. See, e.g., Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, 726 F.2d 166, 168 (5th Cir. 1984).

We also find no abuse of discretion in the district court's refusal to strike the motion to dismiss as untimely or for failure to include a proposed order as required under the court's local rules. M. Hanna's motion was filed less than 20 days after it received the summons and complaint, which Plaintiff had sent to the wrong address. Additionally, the application of local rules prescribing the form and content of motions rests squarely within the province of the district court. Cf. Phillips v. Ins. Co. of N. Am., 633 F.2d 1165, 1167-68 (5th Cir. 1981) (rejecting the contention that granting a motion that was filed in a manner inconsistent with local district court rules constituted reversible error).

Plaintiff also challenges the district court's order dismissing all claims in his original complaint pursuant to Fed. R. Civ. P. 12(b)(6), except the Title VII claims asserted against M. Hanna. We review the district court's dismissal for failure to state a claim de novo. Kaltenbach v. Richards, 464 F.3d 524, 526 (5th Cir. 2006).

Contrary to Plaintiff's contentions, the court did not dismiss these claims sua sponte and without prior notice; rather, the court's order resolved a properly

filed motion to dismiss and Plaintiff's response thereto. Moreover, the district court did not dismiss all non-Title VII actions asserted against Carlson and A through Z Defendants merely because they were not "employers" subject to Title VII, as Plaintiff mistakenly believes. The court first concluded that Plaintiff's claims against all Defendants except for race and age discrimination and retaliation under Title VII should be dismissed. The court's ensuing reference to the individual defendants' lack of employer status merely explained why the Plaintiff was granted leave to replead his remaining Title VII claims against M. Hanna, but not Carlson and A through Z Defendants, who were dismissed with prejudice. Based on our review of Plaintiff's voluminous pleading, we also conclude that Plaintiff's myriad claims against Carlson and A through Z Defendants, and his non-Title VII claims against M. Hanna, were either inadequately pleaded or not actionable under governing law. Plaintiff has therefore failed to identify any error in the court's dismissal of these claims.

Additionally, Plaintiff asserts that the district court erred by dismissing the retaliation claim in his amended complaint on the grounds that the Occupational Safety Health Act ("OSHA") provides no private right of action for retaliatory discharge, when the claim was not pleaded as an action under OSHA. A fair reading of the amended complaint reflects that Plaintiff attempted to state a claim for retaliation under Title VII, which required him to establish that: "(1) he engaged in protected activity, as described in Title VII; (2) he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action." Mota v. Univ. of Tex. Houston Health Science Ctr., 261 F.3d 512, 519 (5th Cir. 2001). Because Title VII does not encompass violations of OSHA, see 42 U.S.C. § 2000e-2(a) (prohibiting employers from discriminating on the basis of race, color, religion, sex or national origin), Plaintiff's alleged reporting of M. Hanna to authorities for violating OSHA does not qualify as protected activity under Title VII,

3

see § 2000e-3(a) (prohibiting discrimination for opposing any practice made unlawful by Title VII, or making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII). The other vague allegations regarding Plaintiff's complaints about other conduct by M. Hanna, none of which are facially directed at the enforcement of rights protected by Title VII, are insufficient to state a retaliation claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[2] In sum, the district court's dismissal of the retaliation claim was not erroneous.

The district court also granted summary judgment to M. Hanna on Plaintiff's remaining claim for disparate treatment under Title VII, which Plaintiff contends was error. However, Plaintiff failed to respond below to the motion for summary judgment, and he does not now dispute that he failed to raise a genuine issue of material fact regarding this claim. Instead, Plaintiff merely reprises his contention that the retaliation claim was improperly dismissed, an argument we have already rejected. We find no error with the district court's ruling on summary judgment.

Finally, Plaintiff challenges the district court's imposition of sanctions in the amount of $1,500 to reimburse M. Hanna for the attorney's fees it incurred in securing an appropriate order to compel Plaintiff to respond to written discovery and re-submit himself for a deposition. Although he objects to the fact of sanctions, Plaintiff does not dispute the reasonableness of the amount. We review the court's sanctions ruling for abuse of discretion. See United States v. $49,000 Currency, Etc., 330 F.3d 371, 374 n.6 (5th Cir. 2003).

---

[2] In his brief, Plaintiff cites factual allegations in his original pleading to support the Title VII retaliation claim asserted in his amended complaint. Those allegations have no legal effect in light of his filing an amended complaint that neither refers to nor incorporates his original pleading. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, the court must, after providing an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, unless the movant failed to attempt in good faith to obtain the discovery without court intervention, the non-disclosure was substantially justified, or other circumstances make such an expense award unjust. FED. R. CIV. P. 37(a)(5)(A). Plaintiff proffered no justification for his failure to respond to written discovery and repeated refusals to answer deposition questions related to those discovery requests and to the merits of his employment discrimination claim. The transcript of Plaintiff's deposition also belies his assertion that M. Hanna did not confer with him at his deposition regarding the motion to compel, as was represented in the certificate of conference attached to the motion. Indeed, in that transcript, Plaintiff acknowledged his understanding that M. Hanna would take action in court if he refused to provide the requested discovery. It is therefore apparent that M. Hanna made a good faith attempt to obtain this information before moving to compel. We further find no special circumstances, and Plaintiff has identified none, that render the expense award unjust. Accordingly, the imposition of reasonable attorney's fees as sanctions was not an abuse of discretion. AFFIRMED.