UNIVERSAL AM–CAN, LTD., Plaintiff,

v.

INTERSTATE BRANDS CORPORATION
d/b/a Dolly Madison, Defendant.

INTERSTATE BRANDS CORPORATION
d/b/a Dolly Madison, Third–Party
Plaintiff,

v.

CARTER EXPEDITED TRANSPORTA-
TION, INC., Third–Party Defendant.

Civ. A. No. 94–4143–DES.

United States District Court,
D. Kansas.

Jan. 9, 1995.

Marian M. Burns, Burns, Burns, Walsh & Walsh, P.A., Lyndon, KS, for Universal Am–Can, Ltd.

Todd Ruskamp, Daniel C. Jordan, Shook, Hardy & Bacon, Kansas City, MO, for Interstate Brands Corp.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

### I. INTRODUCTION

This matter is before the court on Interstate Brands Corporation's ("IBC") response (Doc. 11) to United States Magistrate Judge Ronald C. Newman's December 20, 1994, notice and order to show cause (Doc. 7) and IBC's motion for partial default judgment (Doc. 9) against Carter Expedited Transportation, Inc. ("Carter").

### II. BACKGROUND

On July 11, 1994, Universal Am–Can, Ltd. ("Universal") brought an action to recover past due accounts against IBC in Lyon County District Court, Emporia, Kansas. IBC removed and answered August 3, 1994. On August 15, 1994, IBC filed a third-party complaint against Carter. IBC sent Carter a notice of lawsuit and request for waiver of service of summons August 19, 1994. Carter did not waive service. On October 19, 1994, Kyle Gray, Deputy, Civil Division, Madison County Police Department, personally served the third-party summons. Nothing further was entered on the docket until December 20, 1994. On December 20, 1994, Magistrate Judge Newman ordered IBC to show cause why its third-party complaint should not be dismissed without prejudice. On December 30, 1994, IBC responded to the show cause order and moved for partial default judgment against Carter.

## III. DISCUSSION

Two questions are before the court. First, has IBC shown good cause to avoid dismissal without prejudice of its third-party complaint? Second, assuming IBC has shown good cause, should the court grant partial default judgment against Carter?

### A. IBC's Response to the Show Cause Order

In his notice and order to show cause, Magistrate Judge Newman noted that IBC filed its third-party complaint August 15, 1994, and service was executed October 19, 1994.[1] He also noted no further action had been taken as of December 20, 1994. As a result, he ordered IBC to show cause why the third-party complaint should not be dismissed without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). After reviewing IBC's response, the court is persuaded IBC has shown good cause why the court should not dismiss the third-party complaint.

### B. Motion for Partial Default Judgment

IBC moves for default judgment against Carter as to liability only. In support, IBC shows the court that it filed its third-party complaint August 15, 1994, seeking judgment against Carter in the same amount the court ultimately may award Universal in the primary action. IBC also shows that the third-party summons and complaint was served on Carter October 19, 1994. Carter has yet to enter an appearance or file an answer. Because Carter has not appeared in the action or responded to the third-party complaint, IBC argues Carter is in default entitling IBC to judgment as to liability under Fed. R.Civ.P. 55.

Fed.R.Civ.P. 55(a) allows a default against a party when that party "has failed to plead or otherwise defend" itself. The trial court is vested with broad discretion in deciding whether to enter default judgment.

*Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir.1987). Although it is clear Carter has failed to answer or otherwise respond to IBC's third-party complaint, and although a review of the court file reveals no obvious reason for Carter's failure, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, and against default judgments, convinces the court that Carter should be given a final opportunity to avoid default judgment. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990) (stating that "[t]rials on the merits are favored in the federal courts"); *Sun Bank of Ocala v. Pelican Homestead and Sav.*, 874 F.2d 274, 276 (5th Cir.1989) (explaining that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations"); 6 James Wm. Moore, et al., *Moore's Federal Practice*, ¶ 55.05[3], at pp. 55–28–31 (2d ed. 1994); 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2681, pp. 402–06 (1983). Accordingly, Carter shall show cause why the court should not enter partial default judgment.

## IV. CONCLUSION

**IT IS BY THE COURT THEREFORE ORDERED** that, because IBC has shown good cause in response to Magistrate Judge Newman's December 20, 1994, notice and order to show cause (Doc. 7), IBC's third-party complaint is not dismissed for lack of prosecution.

**IT IS FURTHER ORDERED** that Carter shall show cause in writing on or before **January 23, 1995,** why the court should not grant IBC's motion for partial default judgment (Doc. 11).

---

1. Fed.R.Civ.P. 4(m) requires that service be made within 120 days of the filing of the complaint. Although Rule 4(m) refers "the plaintiff," it applies with equal force to defendants who may assert claims pursuant to Fed.R.Civ.P. 14.

Fed.R.Civ.P. 4(m), advisory committee's note, 1993 amendment. Here IBC asserts its claims against Carter pursuant to Rule 14. Since service was made within 120 days of the filing of the complaint, service was timely under Rule 4(m).