United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40577
Summary Calendar
_____

DONALD ROGER BURR,

Plaintiff-Appellant,

versus

A. D. CASKEY; RAYMOND GONZALES, Assistant Warden; ROBERT
PARKER, Regional IV Director; NORRIS JACKSON, Regional
Assistant to Robert Parker; MARTHA WEAR, Regional Assistant
to Robert Parker; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CV-74
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donald Roger Burr, formerly Texas prisoner # 907964, appeals
the dismissal of his 42 U.S.C. § 1983 complaint as malicious
and frivolous. In his complaint, Burr asserted that the
defendants: (1) were deliberately indifferent to his medical
needs; (2) failed to protect him from assault; (3) subjected him
to unconstitutional conditions of confinement; (4) retaliated
against him and interfered with legal mail; (5) failed to provide

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medically necessary meals; and (6) denied him access to the courts. Burr later added additional claims, including a claim that he was being held beyond the expiration of his sentence.

On appeal, Burr argues that the district court erred by dismissing his entire complaint without allowing him to submit evidence to support his claims against certain defendants named in a later motion to supplement. Burr also has submitted two supplemental briefs in which he states he will provide this court with "examples and reasons" to show that his supplemental claims were not frivolous. These motions are DENIED. We also conclude that the district court did not abuse its discretion in denying Burr's motion to supplement; Burr's motion to supplement failed to describe the nature of his claims against these new defendants. See Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997); FED. R. CIV. P. 7(b)(1) (motions must "state with particularity the grounds therefor").

Burr next argues that the district court erred by dismissing his complaint without an evidentiary hearing. A district court may dismiss a complaint without a hearing if it determines that a complaint would be frivolous even if further factually developed. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994). The district court gave Burr several opportunities to further develop his claims, including holding a telephonic hearing and by allowing several amendments to his complaint. We conclude that the

district court did not abuse its discretion by failing to also order an evidentiary hearing.

Burr requests that this court review his entire complaint and grant relief on any meritorious claims. We "review only those issues presented to us; we do not craft new issues or otherwise search for them in the record". United States v. Brace, 145 F.3d 247, 255 (5th Cir. 1988) (en banc).

Burr argues that the district court erred by considering his prior litigation history in concluding that he was a "recreational" litigator and that the instant complaint was malicious. Burr offers no specific argument attacking the district court's conclusion of frivolousness. Because the district court's conclusion that the complaint was frivolous provides an alternative basis for dismissal, we decline to address this issue.

Burr also argues that the order by which District Judge Hinojosa was recused and the case was reassigned to District Judge Crane was invalid; as a result, Burr argues that any subsequent order signed by Judge Crane was invalid. Burr's argument is based on an error in the style of the recusal order. This error was at most a clerical error which did not render the recusal order invalid; Rule 25(d)(1) of the Federal Rules of Civil Procedure provides that following the substitution of a public officer, "any misnomer [in the party name] not affecting the substantial rights of the parties shall be disregarded."

Burr also argues that the district court showed favoritism by striking his pleadings for violating a local rule of the Southern District of Texas. The only specific instance discussed on appeal involved the striking of his objections to the recusal order; the district court struck Burr's pleading for failing to comply with a local rule that required submission of a proposed order. Burr asserts that a proposed order was not required because he was only filing objections. However, this pleading also requested various forms of relief, such as the dismissal of all improperly styled orders and permission to amend his request to recuse the magistrate judge. We conclude that the district court did not abuse its discretion by striking this pleading.

Finally, Burr argues that the district court erred by not granting a default judgment against the defendants. A default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A party may seek a default judgment if an adverse party has failed "to plead or otherwise defend." FED. R. CIV. P. 55(a). In the instant case, because the Attorney General of Texas responded to the court's orders and defended against Burr's complaint, the district court did not abuse its discretion by declining to order a default judgment.

ALL OUTSTANDING MOTIONS DENIED; AFFIRMED.