**UNITED STATES of America, Plaintiff,**

v.

**Clarence GILES, Defendant.**

**No. EP–07–CA–0381–PRM.**

United States District Court, W.D. Texas, El Paso Division.

March 14, 2008.

Susan B. Biggs, Assistant United States Attorney, San Antonio, TX, for Plaintiff.

## *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT*

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff the United States of America's "Motion for Entry of Default and Default Judgment," filed on January 3, 2008,[1] in the above-captioned cause. In its Motion, the Government moves the Court enter a default judgment against Defendant Clarence Giles on the grounds that Defendant

---

1. To date, Defendant has neither entered an appearance nor filed any document in the above-captioned cause.

"has failed to plead or otherwise defend against the Complaint." Mot. 1. After due consideration, the Court is of the opinion that the Government's Motion should be granted and default judgment be entered against Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Government initiated the instant suit by filing its "Complaint," on November 2, 2007. Therein, it alleges that Defendant executed and delivered a promissory note in order to secure a Direct Consolidation Loan from the United States Department of Education, which loan was issued to Defendant. The Government brought suit to enforce the promissory note. The Government attaches copies of the promissory note and a Certificate of Indebtedness to its Complaint, which reflect the principal amount of the debt to be $82,463.75, along with interest in the amount of $33,983.45, as of September 11, 2007, which continues to accrue at the rate of $18.36 each day. Compl. App. 2, 3. The Government requests a judgment in the amount of $116,447.20 (the sum of the principal and interest amounts); interest accruing on the principal at the rate of $18.36 per day from September 11, 2007, until the date of judgment; and interest at the post judgment rate provided by law. Compl. 2.

The Government asserts Defendant was served with a copy of the Complaint on

November 26, 2007. Mot. App. 1, ¶ 3.[2] As the Summons sets forth, Defendant had twenty days in which to file a response.[3] Defendant has neither filed an answer or other pleading, nor entered any appearance before the Court.[4]

## II. LAW AND ANALYSIS

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. FED.R.CIV.P. 55. If a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" a case, and "that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* at 55(a). Judgment by default may be entered when a party entitled to a judgment by default moves the Court for entry of such judgment. *Id.* at 55(b). The Fifth Circuit has concisely summarized the steps leading up to default judgment.

A *default* is when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise ... After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*

---

**2.** This assertion is set forth in Susan B. Biggs' "Affidavit for Default." Biggs is an Assistant United States Attorney for the Western District of Texas who represents the Government in the instant case.

**3.** Had Defendant been served on November 26, 2007, he would have had until December 17, 2007, to file an Answer to the Complaint. FED.R.CIV.P. 4. However, the "Process Receipt and Return" filed in this case indicates

the United States Marshals Service served Defendant with a copy of the Summons, the Government's Complaint, and Instructions on November 30, 2007. Docket No. 4. Accordingly, Defendant's Answer would have been timely if filed on or before December 20, 2007.

**4.** It is unnecessary for the Court to resolve whether Defendant was served on November 26, 2007, or November 30, 2007.

*New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996) (emphasis in original).

■■■■ "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir.1977).

■■ In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive. *See, e.g., Pepsico, Inc. v. Cal. Security Cans,* 238 F.Supp.2d 1172 (C.D.Cal.2002) (analyzing motion for entry of default judgment by considering procedural requirements, substantive merits, and appropriate relief).

**B.  Procedural Requirements Necessary for Default Judgment**

■■ Rule 55(a) permits the clerk of court to enter default against a party who has "failed to plead or otherwise defend" a lawsuit. FED.R.CIV.P. 55(a). Thus, the propriety of a default judgment depends, in part, on the propriety of the entry of default. In the instant case, Defendant defaulted by failing to enter an appearance or defend the suit, despite being personally served with notice thereof on November 30, 2007. *See* Docket No. 4.

■■ Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file an answer to the Complaint no later than twenty days after service, or December 20, 2007. Despite being properly served, Defendant defaulted by failing to "plead or otherwise defend," and, on January 3, 2008, the clerk entered default, pursuant to Rule 55(a). (Docket No. 6). The Court concludes that the clerk's Entry of Default was proper because the Government's claim "is for a sum certain," and an affidavit was attached to the Government's Motion attesting to the amount of its claim. *See* FED.R.CIV.P. 55(b)(1) ("If the plaintiff's claim is for as sum certain ... the clerk—on the plaintiff's request, with an affidavit showing the amount due— must enter judgment and costs against a defendant who has been defaulted for not appearing.")

**C.  Sufficiency of the Government's Complaint and Substantive Causes of Action**

■■ Default judgment is proper only if the well-pleaded factual allegations in the Government's Complaint establish a valid cause of action. In other words, "[t]here must be a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Id. See also Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Therefore, the Court may only enter default judgment against Defendant if the Government's well-pleaded factual allegations establish a cause of action entitling it to relief.

The Government asserts that Defendant defaulted on a promissory note that he "executed and delivered" to the Government, in order to secure a Direct Consoli-

dation Loan from the United States Department of Education. Compl. ¶ 3. The Government asserts that the Court has jurisdiction over this action because it is brought by the United States pursuant to 28 U.S.C. § 1345.[5] Compl. ¶ 1.

"To recover on a promissory note, the Government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193 (5th Cir.2001). In this case, the Government has produced a copy of a promissory note, bearing a signature that appears to be that of Defendant, which indicates that the United States Department of Education is the holder of the note. Further, the Government has presented a "Certificate of Indebtedness," signed under penalty of perjury by Alberto Francisco, a Senior Loan Analyst, which indicates Defendant "secure[d] a Direct Consolidation loan from the U.S. Department of Education ... and [Defendant] defaulted on the obligation on 12/2/2002." Compl. App. 1. The Court finds that this evidence is sufficient to establish the Government's right to recover on the promissory note at issue. Accordingly, the Court finds the well-pleaded allegations in the Government's Complaint establish a valid cause of action.

### D. Relief Requested by the Government

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED.R.CIV.P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. In its Complaint, the Government requests the Court enter judgment in the amount of $116,447.20 (representing $83,463.75 in principal and $33,983.45 in interest accrued through September 10, 2007), in addition to interest at the rate of $18.36 per day from September 11, 2007, until judgment is entered, interest at the post judgment rate set forth in 28 U.S.C. § 1961(b), until the judgment is paid in full, its costs and attorney's fees, and whatever other relief the Court deems just. Compl. 2. The Court finds that the requested relief is appropriate, given the uncontroverted evidence presented by the Government with respect to the outstanding debt owed to it by Defendant.

### III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court concludes that the Government's Motion for Default Judgment should be granted in its entirety.

Accordingly, **IT IS ORDERED** that Plaintiff the United States of America's "Motion for Entry of Default and Default Judgment" (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff the United States of America is awarded: (1) $116,447.20 (representing $83,463.75 in principal and $33,983.45 in interest accrued through September 10, 2007), (2) interest at the rate of $18.36 per day from September 11, 2007 until the date of this Order, (3) interest at the post judgment rate set forth in 28 U.S.C. § 1961(b), to be compounded annually until the judgment is paid in full, and (4) all costs of court and attorney's fees.

**IT IS FURTHER ORDERED** that the above-captioned cause be, and hereby is, **DISMISSED**.

---

5.  28 U.S.C. § 1345 provides, "[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

IT IS FURTHER ORDERED that all pending motions, if any, are **DENIED AS MOOT.**

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this matter.