**UNITED STATES of America,**
**Petitioner,**

**v.**

**1998 FREIGHTLINER VIN #:**
**1FUYCZYB3WP886986.**

**No. EP–07–CA–0393–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

April 30, 2008.

David Richard Rosado, Assistant United States Attorney, El Paso, TX, for Petitioner.

*MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR FINAL JUDGMENT OF FORFEITURE AGAINST ADRIAN PRECIADO–GINER, PEDRO CONTRERAS AND ANY AND ALL OTHER POTENTIAL CLAIMANTS WHO WERE SERVED BY PUBLICATION*

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Petitioner, the United States of America's (the "Government"), "Motion for Default and Final Judgment of Forfeiture Against Adrian Preciado–Giner, Pedro Contreras and Any and All Other Potential Claimants Who Were Served by Publication," filed on January 25, 2008,[1] in the above-captioned cause. In its Motion, the Government moves the Court to enter a default judgment against Adrian Preciado–Giner, Pedro Contreras, ("Defendants") and any and all other potential claimants who were served by publication in the Respondent Property ("Potential Claimants") on the grounds that neither Defendants nor any Potential Claimants "have filed [a] claim or answer to defend the Respondent Property as required pursuant to the provisions of 18 U.S.C. §§ 983(a)(4)(A) & (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

---

1. To date, no defendant has entered an appearance or filed any document in the above-captioned cause.

Actions." Mot. 1. After due consideration, the Court is of the opinion that the Government's Motion should be granted and default judgment entered.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Government initiated the instant action by filing its "Verified Complaint for Forfeiture," ("Complaint") on November 8, 2007. Therein, it asserts that a "1998 Freightliner was seized on or about May 22, 2007, at the United States Border Patrol Checkpoint in Sierra Blanca, Texas by law enforcement agents of the Drug Enforcement Administration ("DEA")." Compl. 1. The Government further asserts that the 1998 Freightliner, "VIN # 1FUYCZYB3WP886986" ("Respondent Property") was determined to be "registered to Defendant Contreras," "has an appraised value of approximately $4,952.00," and "no known liens against" it. *Id.* at 2.

The Government sets forth, in its Complaint, that Defendant Preciado–Giner approached the United States Border Patrol Checkpoint, driving Respondent Property and pulling a white trailer, on May 22, 2007. *Id.* at 3–4. Upon searching the trailer, Border Patrol agents discovered a large quantity of marijuana concealed therein, and subsequently placed Defendant Preciado–Giner under arrest. *Id.* at 5–6. Defendant Preciado–Giner later admitted that he had accepted "a job [offered to him by an] individual named Luis Carlos LNU. *Id.* at 7. The job consisted of transporting a large amount of marijuana to Memphis, Tennessee." *Id.* at 8. Respondent Property was seized at that time, and "has remained in the custody of the United States Marshals Service," in the Western District of Texas, El Paso Division, since that time. *Id.* at 1.

The Government submits that the Respondent Property was "used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances," in violation of 21 U.S.C. §§ 801 *et seq.* *Id.* at 8. The Government asserts that the Respondent Property should, therefore, "be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(4)." *Id.* at 8.

On November 16, 2007, the Court issued an "Order for Warrant of Arrest of Property and for Notice," ordering the Clerk to issue a Warrant for the arrest of Respondent Property and to provide notice of such arrest by publication and by personal service to any persons known to have an interest in the property. Docket No. 4.

The Government filed the instant Motion, requesting the court enter Default Judgment "against any and all right, title and interest of" Defendants and Potential Claimants, pursuant to Rule 55 of the Federal Rules of Civil Procedure. Mot. 1. It alleges that "[a]ll identified potential claimants in the above-styled and numbered cause received service of notice of this civil forfeiture action, and all other potential claimants were served by publication," referring the Court to the supporting Affidavit of David R. Rosado. Mot. 1–2.

## II. LEGAL STANDARD AND ANALYSIS

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. FED.R.CIV.P. 55. If a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," and "that failure is shown by affidavit or otherwise, the

clerk must enter the party's default." *Id.* at 55(a). Judgment by default may be entered when a party entitled to a judgment by default moves the Court for entry of such judgment. *Id.* at 55(b). The Fifth Circuit has concisely summarized the steps leading up to default judgment.

> A *default* is when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise ... After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*

*New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996) (emphasis in original).

■ "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir.1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir.1977).

■ In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive. *See, e.g., Pepsico, Inc. v. Cal. Security Cans,* 238 F.Supp.2d 1172 (C.D.Cal.2002) (analyzing motion for entry of default judgment by considering procedural requirements, substantive merits, and appropriate relief).

## B. Procedural Requirements Necessary for Default Judgment

Rule 55(a) permits the clerk of court to enter default against a party who has "failed to plead or otherwise defend" a lawsuit. FED.R.CIV.P. 55(a). Thus, the propriety of a default judgment depends, in part, on the propriety of the entry of default.

In the instant case, the clerk entered default on January 28, 2008, pursuant to Rule 55(a). (Docket No. 15). Defendants and Potential Claimants defaulted by failing to enter an appearance or defend the suit, despite being served with notice thereof or having received notice by publication. *See* Docket Nos. 9–12. The "Process Receipt and Returns" filed with the Court indicates that Defendant Preciado–Giner was served with notice at the Otero County Detention Center, where he was detained; W. Brent Stephens, counsel of record for Defendant Contreras, was served with notice at his office; and Defendant Contreras's mother was served at the location listed as his address, all on December 7, 2007. Docket Nos. 10–12. Furthermore, another "Process Receipt and Return" filed with the Court indicates that notice of the seizure of Respondent Property was published in the El Paso Times, a newspaper of general circulation in El Paso County, Texas, on three consecutive Sundays: December 9, 16, and 23, 2007. Docket No. 9.

■ The Government submits that Defendant Contreras "furnished a claim pursuant to Title 18 U.S.C. § 983(a)(2)," Compl. 3, and asserts that neither Defendant has filed a "claim or answer to defend the Respondent Property as required pursuant to the provisions of 18 U.S.C. § 983(a)(4)(A) & (B)." Mot. 1.

(A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property ... not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint. (B) A person asserting an interest in seized property, ... shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

18 U.S.C. § 983(a). Therefore, although Defendant Contreras may have filed a claim, which filing is not reflected in the record, he has failed to file an answer as required by § 983(a)(4)(B). Therefore, the Court finds that neither Defendant has sufficiently defended a claim against the Respondent Property. Furthermore, no Potential Claimant has entered an appearance or otherwise presented a claim with respect to the Respondent Property. Therefore, the Court concludes that Defendants and any Potential Claimants defaulted by failing to "plead or otherwise defend."

The Court finds that the clerk's Entry of Default was proper because the Government's claim "is for a sum that can be made certain by computation," insofar as it has an appraised value of approximately $4,952.00 and an affidavit was attached to the Government's Motion attesting that the claim consists only of the Respondent Property. *See* FED.R.CIV.P. 55(b)(1) ("If the plaintiff's claim is for as sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment and costs

against a defendant who has been defaulted for not appearing.").

## C. Sufficiency of the Government's Complaint and Substantive Causes of Action

Default judgment is proper only if the well-pleaded factual allegations in the Government's Complaint establish a valid cause of action. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("There must be a sufficient basis in the pleadings for the judgment."). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Id.*; *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The Government asserts that the Court has jurisdiction over this action because it is brought by the United States pursuant to 28 U.S.C. §§ 1345, 1355. Compl. 1. The Government further asserts that the Respondent Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) insofar as it was used or intended to be used in furtherance of a violation of 21 U.S.C. §§ 801 *et seq.*

"[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. 28 U.S.C. § 1345. The district courts shall have original jurisdiction ... for the ... forfeiture ... incurred under any Act of Congress." 28 U.S.C. § 1355.

The Respondent Property is "subject to forfeiture to the United States," pursuant to 21 U.S.C. § 881(a)(4), if it was "used or [was] intended for use, to transport, or in any manner to facilitate the

transportation, sale, receipt, possession, or concealment of" a controlled substance. 21 U.S.C. § 881(a)(4). The Government alleges that the Respondent Property was used in violation of § 881(a)(4) insofar as a large quantity of marijuana, a controlled substance, was found in a trailer pulled by Respondent Property. Compl. 3.

As the Government initiated the action, and seeks to effect the forfeiture of Respondent Property subject to § 881(a)(4), the Court concludes that the Government has sufficiently set forth that the Court has jurisdiction with respect to the instant suit. In addition, the Court finds the well-pleaded allegations in the Government's Complaint establish a valid cause of action.

### D. Relief Requested by the Government

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R.CIV.P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.* In its Complaint, the Government requests that the Court enter "Judgment of Forfeiture" against the Respondent Property. Compl. 10. The Court finds that the requested relief is appropriate, given the uncontroverted evidence presented by the Government with respect to the circumstances surrounding the Respondent Property.

### III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court concludes that the Government's Motion for Default Judgment should be granted.

Accordingly, **IT IS ORDERED** that Plaintiff the United States of America's "Motion for Default and Final Judgment of Forfeiture Against Adrian Preciado–Giner,

Pedro Contreras and Any and All Other Potential Claimants Who Were Served by Publication" (Docket No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment of forfeiture is entered in favor of Plaintiff the United States of America, and against any and all right, title and interest of Adrian Preciado–Giner and Pedro Contreras in the Respondent Property as well against as all persons served by publication.

**IT IS FURTHER ORDERED** that the above-captioned cause be, and hereby is, **DISMISSED.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.