# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

Lyle W. Cayce
Clerk

RUBEN ORLANDO BENITEZ,

     Plaintiff - Appellant

v.

JEFFREY ATKINS,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-233

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Ruben Benitez's action against Jeffrey Atkins. Benitez appeals, arguing that the district court should have granted his motion to remand to state court or granted his motions for summary judgment. For the reasons explained below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60113

## I.

Ruben Benitez, proceeding pro se, is an inmate serving a life sentence for murder in the state of Mississippi. After unsuccessfully appealing through the Mississippi state court system, Benitez sought review of his sentence and conviction in the United States Supreme Court by filing a petition for a writ of certiorari. Concurrent with his petition, Benitez filed a motion for leave to proceed in forma pauperis. The Court denied Benitez's motion. Around two weeks later, Benitez filed an "Application to Individual Justice Supreme Court of the United States for Fifth District," which was docketed as a motion for reconsideration of the Court's denial of Benitez's motion to proceed in forma pauperis. The Court denied that motion as well and thereafter closed the case.

Feeling aggrieved, Benitez filed suit in Mississippi state court against Jeffrey Atkins, an employee of the Office of the Clerk of the Supreme Court of the United States. Benitez alleged that Atkins denied him due process and engaged in "conspiracy" and "intimidation" in the course of handling Benitez's motion for leave to proceed in forma pauperis. Atkins removed the case to federal court under 28 U.S.C. §§ 1442(a)(3) and 1446, which allow for the removal of certain cases brought against federal officers. Following removal, Atkins timely requested a 30-day extension of time to file an answer, which the district court granted. Around the same time, Benitez filed a "Motion to Rescind Removal Notice," which the district court treated as a motion to remand and denied. Benitez also filed a motion for summary judgment. Atkins then filed another timely motion for an extension, this time for seven days, which the district court again granted. Seven days later, Atkins filed his answer. Benitez then filed a document entitled "Redintragation [sic] of Summary Judgment." Benitez's motion for summary judgment and subsequent filing both stated in essence that Atkins failed to respond to the summons and complaint and that judgment should therefore be awarded in

No. 19-60113

Benitez's favor. The motion was referred to a magistrate judge, who recommended it be denied. The district court adopted the magistrate judge's recommendation.

Benitez filed another motion for summary judgment following the magistrate judge's recommendation, this time simply reciting the summary-judgment standard, saying it had been met, and recounting the operative facts underlying his original summary-judgment argument. The magistrate judge recommended the second motion for summary judgment be denied, and the district court adopted this recommendation.

At some point in this flurry of filing, Atkins also filed a motion to dismiss, arguing, among other things, that he was entitled to qualified immunity on Benitez's claims. The district court adopted the magistrate judge's recommendation that the motion be granted, entered final judgment, and dismissed the case with prejudice. Benitez now appeals, challenging the denials of his motions for summary judgment as well as the denial of his motion to remand.[1]

## II.

A district court's denial of a motion for summary judgment and motion to remand both present questions of law, which we review de novo. *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 762, 765 (5th Cir. 2016). We review a district court's denial of a motion for default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

First, the district court did not err in denying Benitez's motions for summary judgment. In seeking summary judgment based on a lack of response

---

[1] Benitez's brief does not discuss the district court's grant of Atkins's motion to dismiss. We therefore treat any challenge to that order as waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))).

No. 19-60113

from Atkins to his summons and complaint, Benitez in essence sought a default judgment. We have held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767 (alteration in original) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). Accordingly, even where the opposing party is technically in default, a party is not entitled to default judgment if the district court, within its discretion, determines that entry of default judgment is not warranted. *See id.* Here, no basis whatsoever existed for the entry of default, much less entry of a default-judgment order: Atkins had successfully sought an extension of time to answer Benitez's complaint. *Cf.* Fed. R. Civ. P. 6(b) (authorizing court to extend time "[w]hen an act may or must be done within a specified time"). Benitez filed his first "motion for summary judgment" before Atkins's time to answer had expired. And Benitez filed his second motion after Atkins filed his answer. Thus, Atkins was not in default because he had not "failed to plead or otherwise defend" against the complaint. Fed. R. Civ. P. 55(a). The district court therefore did not err in denying Benitez's motion.

Second, the district court did not err in denying Benitez's motion for remand. Federal statute allows for the removal of cases brought against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3). Under this statute, the officer must "establish that the suit is 'for a[n] act under color of office,' . . . . To satisfy [this] requirement, the officer must show a nexus, a "'causal connection" between the charged conduct and asserted official authority.'" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (alteration in original) (emphasis omitted) (citations omitted). The officer must also show that he seeks to raise a colorable federal defense, such as immunity. *See id.* It is beyond dispute that Atkins is an officer of a federal court. It is also clear that

4

No. 19-60113

there is a causal connection between his alleged conduct and his authority: each of Benitez's allegations relates to Atkins's actions as an employee of the Clerk's office. Finally, Atkins raises a colorable defense of qualified immunity, which this court has previously afforded to a clerk of a federal court in a damages suit such as this. *See Williams v. Wood*, 612 F.2d 982, 984-85 (5th Cir. 1980). Thus, the requirements of the federal-officer removal statute have been met, and removal in this case was proper.

The judgment of the district court is AFFIRMED.