# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2023

Lyle W. Cayce
Clerk

No. 22-40378
Summary Calendar

JOE BLESSETT,

*Plaintiff—Appellant*,

*versus*

GREG ABBOTT; KEN PAXTON; STEVEN C. MCCRAW; XAVIER
BECERRA; UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; ANTHONY BLINKIN; UNITED STATES
DEPARTMENT OF STATE; UNITED STATES; CITY OF
GALVESTON; SINKIN LAW FIRM,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-9

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

Joe Blessett, proceeding pro se, appeals the district court's dismissal
of his civil complaint with prejudice for lack of subject matter jurisdiction

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40378

because Blessett's challenge to state court orders addressing child support were barred by the *Rooker-Feldman*[1] doctrine, and the defendants were entitled to Eleventh Amendment sovereign immunity on his official-capacity claims. The district court also determined that Blessett failed to state a claim upon which relief may be granted because the defendants were entitled to qualified immunity on his individual-capacity claims. Additionally, the district court declined to exercise supplemental jurisdiction over any state-law claims.

We conduct a de novo review of dismissals under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and dismissals under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). As a preliminary matter, although Blessett raises a multitude of issues and relies on a wide variety of legal authority in his lengthy briefs, to the extent that he did not present adequate argument addressing any of the issues he identifies, the issues are abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To the extent that Blessett attacks the underlying state court orders or judgments concerning child support, the district court correctly concluded that the claims were barred under the *Rooker-Feldman* doctrine because they "invit[e] district court review and rejection" of the state divorce decree and child support judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

No. 22-40378

Citing *Ex Parte Young*, 209 U.S. 123 (1908), Blessett argues that he has standing to sue the individual state defendants, Greg Abbott, Ken Paxton, and Steven C. McCraw. The *Ex Parte Young* exception to Eleventh Amendment immunity does not apply in this case because Blessett's amended complaint does not allege an ongoing violation of federal law. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). To the extent that Blessett raises claims against these defendants in their individual capacities, it is not necessary to address his claims because if they violated no law or constitutional provision in their official capacities, they cannot be found liable in their individual capacities. *See Whitley v. Hanna*, 726 F.3d 631, 639 n.3 (5th Cir. 2013). Additionally, Blessett has failed to show that the district court erroneously determined that Xavier Becerra and the United States Department of Health and Human Services were entitled to sovereign immunity on Blessett's official-capacity claims and qualified immunity on his individual-capacity claims. *See Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011).

To the extent that Blessett challenges the district court's decision to decline to exercise supplemental jurisdiction over his state law claims, he fails to address the "factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity," *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), and fails to otherwise show an abuse of discretion, *see Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999). Regarding Blessett's challenge to the denial of his motions for a default judgment, we cannot say that the district court abused its discretion. *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

No. 22-40378

The judgment of the district court is AFFIRMED.  Blessett's motions for judicial notice, to reduce federal debt claim, and to reduce certificates of nonresponse to judicial order for enforcement are DENIED.

The instant complaint is Blessett's sixth challenge in federal court to his Texas child support.  Blessett is warned that future frivolous filings will invite the imposition of sanctions, which may include monetary sanctions or limits on his ability to file pleadings in this court or any court subject to this court's jurisdiction.